**Mrs. Daisy SCOTT et al., Plaintiffs-Appellants,**

v.

**COURTESY INNS, INC. d/b/a Heidelberg Hotel, Jackson, Mississippi, Defendant-Appellee.**

**No. 72-3121**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1973.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Jack H. Young, Jr., Melvyn R. Leventhal, Nausead Stewart, Jackson, Miss., for plaintiffs-appellants.

L. Arnold Pyle, Jackson, Miss. for defendant-appellee.

Before THORNBERRY, DYER and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court granting summary judgment for appellee Heidelberg Hotel and suppressing appellant's interrogatories. Appellant brought the suit as a class action, alleging employment discrimination under the 1964 Civil Rights Act. Appellee moved to suppress appellant's interrogatories, claiming in the most general of terms that the interrogatories as a whole were "oppressive" and "unduly burdensome" and that they sought "immaterial" information. Appellee also moved to dismiss appellant's suit on the grounds that it was not properly maintainable as a class action and that appellant had failed to state a claim upon which relief could be granted. Appellee transmitted to the district judge (but apparently never caused to be formally filed) a memorandum in support of its motion to dismiss, supported by affidavits. Nowhere in these documents, nor at any later stage, did appellee move for summary judgment or request that its motion to dismiss be treated as a motion for summary judgment.

More than sixty days after appellee transmitted its memorandum and affidavits to the district judge, a hearing was held on the motion to dismiss, and the district judge, for the first time, announced that he intended to treat the motion as one for summary judgment. Appellant's request for additional time to file opposing affidavits was denied on the ground that more than sixty days had elapsed since appellee's transmittal of its memorandum and affidavits. The district court thereupon granted summary judgment for appellee and suppressed appellant's interrogatories.

As our opinion in Gutierrez v. El Paso Community Action Program, 5th Cir. 1972, 462 F.2d 121, makes clear, the district judge erred in treating appellee's motion to dismiss as a motion for summary judgment without first giving appellant the ten days' notice required by Rule 56, F.R.Civ.P. Furthermore, it was error to base the suppression of appellant's interrogatories upon appellee's vague and conclusory objections. Rule 33(a), F.R.Civ.P., clearly provides that each interrogatory must be answered or objected to separately, and objections must be made with specificity. 4A Moore, Federal Practice ¶ 33.27.

For the foregoing reasons, the judgment below is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.