Augusta CLARK, et al.,
Plaintiffs-Appellants,

v.

TARRANT COUNTY, TEXAS, et al.,
Defendants-Appellees.

No. 85–1249.

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1986.

Rehearing and Rehearing En Banc
Denied Oct. 1, 1986.

738

Law Offices of Art Brender, Art Brender, Fort Worth, Tex., for plaintiffs-appellants.

Cantey, Hanger, Gooch, Munn & Collins, Robert S. Travis, Donald K. Buckman, Fort Worth, Tex., for Tarrant County Adult Probation Dept.

Tim Curry, Dist. Atty., Van Thompson, Jr., Asst. Dist. Atty., Fort Worth, Tex., for Tarrant County, Texas.

Before GEE and GARWOOD, Circuit Judges, and BOYLE,* District Judge.

GARWOOD, Circuit Judge:

Appellants, current or former female employees of the Tarrant County Adult Probation Department (Adult Probation), brought this suit under Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983, against Adult Probation and Tarrant County, Texas, claiming that they had been paid less than men who performed similar work and that they had been denied promotions because of their sex. The district court granted summary judgment for Tarrant County, holding that the probation officers were not employees of the County. The court dismissed the action against Adult Probation for lack of subject matter jurisdiction, finding that appellants came within the personal staff exemption of Title VII and that the Eleventh Amendment to the United States Constitution barred their section 1983 claims because Adult Probation is an arm of the state.

On their appeal from this action, appellants claim that the district court erred in its dismissal regarding Adult Probation,

* District Judge of the Eastern District of Louisiana, sitting by designation.

and that the summary judgment for Tarrant County was improper because appellants did not receive adequate notice and there were genuine issues of material fact. We hold that the district court erred in dismissing the Title VII claims against Adult Probation. Where, as here, the questions concerning subject matter jurisdiction are intertwined with the merits, the court should not dismiss for lack of subject matter jurisdiction unless the claim is frivolous or clearly excluded by prior law. While we make no determination regarding the merits of appellants' Title VII claims against Adult Probation, we do hold that the claims are not frivolous and accordingly reverse the district court's dismissal. We determine that Adult Probation is an arm of the state such that under the Eleventh Amendment there is a lack of subject matter jurisdiction over the section 1983 claims against it, and we affirm the dismissal of those claims. We determine that appellants received sufficient notice that the district court might treat Tarrant County's motion to dismiss for failure to state a claim for relief as a motion for summary judgment, and that there were no genuine issues of material fact. Accordingly, we affirm the summary judgment for Tarrant County.

### Facts and Proceedings Below

Augusta Clark, Vickie Hammond, and Brenda Buckner, all current or former employees of Adult Probation, filed this suit in June 1982 under Title VII[1] against Adult Probation and Tarrant County, initiating what would become a nearly three-year battle of motions, discovery, and evidentiary hearings in the district court. Appellants' central claim was that they were paid less than men who performed similar work and that they had been denied promotions because of their sex. Adult Probation initially responded to appellants' complaint by filing a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment." Adult Probation's initial motion

challenged the district court's Title VII jurisdiction by arguing that Clark and the other employees were members of elected officials' personal staffs and, therefore, were exempt from Title VII coverage. Adult Probation suggested that an evidentiary hearing be held. Clark did not respond to the motion within twenty days as required by the local rules. In September 1982, the district court issued a show cause order threatening dismissal for lack of prosecution. Clark responded by requesting additional time, which the district court granted. On the same day that Clark requested additional time, she also filed an amended complaint restating the Title VII claim and adding a claim under 42 U.S.C. § 1983 and the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Subsequently, in October 1982, Adult Probation filed an amended motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), claiming that the court "lacks subject matter jurisdiction of this defendant under Title VII ... because plaintiffs are not within the protection of that statute," and that the court "lacks subject matter jurisdiction" of the other claims because Adult Probation was an arm of the state and the suit against it was barred by the Eleventh Amendment to the United States Constitution.

Tarrant County filed a motion to dismiss for failure to state a claim under Fed.R. Civ.P. 12(b)(6) and for failure to join indispensable parties under Fed.R.Civ.P. 12(b)(7). Tarrant County claimed that it was not an employer of the appellants since Texas statutory law gave control and direction of the Adult Probation Department to the state judiciary. Tarrant County also argued that the criminal district judges of Tarrant County were indispensable parties to this litigation based on the district court's previous holding in *Shore v. Howard*, 414 F.Supp. 379 (N.D.Tex.1976).[2]

---

1. Appellants originally filed charges with the Equal Employment Opportunity Commission and timely filed this suit after receiving their right-to-sue letter.

2. In *Shore*, which involved a different category of Adult Probation employees, the district court held that the judges were indispensable parties since the parties had stipulated that the Director

Clark did not respond to either defendant's motion, and both defendants filed a joint motion to dismiss for lack of prosecution in December 1982. That same month, the district court issued a show cause order. In February 1983, Clark responded to the show cause order by asking for additional time in which to move for class certification, which was granted, and submitted a response to defendants' motions.

The district court, in an order dated July 12, 1983, informed the parties of a hearing on all pending motions. The hearing began September 15, 1983, and was concluded the following day. At the hearing, two elected state court judges and appellant Hammond testified about the Title VII issue, and an officer in the Tarrant County Auditor's Office testified about the financial relationship between Adult Probation and the County. After the hearing, the parties continued discovery and unsuccessfully explored settlement in 1984. In January 1985, Adult Probation submitted a post-hearing brief supported by transcripts of the hearing. In February 1985, Clark attempted to file two deposition transcripts, but, on Adult Probation's motion, the district court ordered them stricken from the record. On March 20, 1985, the district court issued a memorandum opinion in which Judge Belew found that the positions held by Clark and the other appellants came within the personal staff exemption of Title VII, thus nullifying that claim, and that Adult Probation enjoyed Eleventh Amendment immunity from a section 1983 suit because it was an extension of the state judiciary. He granted summary judgment for Tarrant County, finding that appellants were not employees of Tarrant County. 608 F.Supp. 209.

After the issuance of the court's opinion, Clark tried once again to have the deposition transcripts entered into the record by motion on March 29, 1985, and Adult Probation responded with its opposition on April 15, 1985. On April 12, 1985, Clark filed her notice of appeal. Her motion to augment the record was denied by the dis-

trict court on April 29, 1985. On May 10, Clark filed with this Court a motion to modify the record, which once again attempted to interject the deposition testimony. We denied that motion on May 26.

**Discussion**

Each appellee had a distinct motion before the district court. Adult Probation had a Fed.R.Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Tarrant County had a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and failure to join indispensable parties under Fed.R.Civ.P. 12(b)(7). As each of these motions has a different standard for review, we will discuss each motion separately.

*Adult Probation's Motion to Dismiss for Lack of Subject Matter Jurisdiction*

When the district court set the motions for hearing in July 1983, when the hearing was held in September 1983, and when its ruling was made in March 1985, the district court had before it, with respect to Adult Probation, only that defendant's amended Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. In response to appellants' original complaint, Adult Probation had originally filed a motion for either a Rule 12(b)(1) dismissal or, in the alternative, for summary judgment under Rule 56. However, well after Adult Probation's original motion was filed, appellants filed an amended complaint, which was a wholly self-contained instrument setting out all of appellants' claims, including not only claims under Title VII but also claims under section 1983 and the United States Constitution which had not previously been asserted. This amended complaint entirely superseded and took the place of the original complaint. *Wilson v. First Houston Investment Corp.*, 566 F.2d 1235, 1237–38 (5th Cir.1978), *vacated on other grounds*, 444 U.S. 959, 100 S.Ct. 442, 62 L.Ed.2d 371 (1979); 6 Wright & Miller, *Federal Practice and Procedure* § 1476. Subsequently, in response to this amended complaint—then the only complaint in the

of Adult Probation was acting as an employee of the judges.

case—Adult Probation, in October 1982, filed its amended motion to dismiss for want of subject matter jurisdiction. No motion for summary judgment or for dismissal for failure to state a claim under Rule 12(b)(6) was ever filed by Adult Probation with respect to the amended complaint. Adult Probation took the position before the district court, and before this Court as well, that it never had any motion for summary judgment or for Rule 12(b)(6) dismissal pending either after October 1982 or with respect to appellants' amended complaint.[3] The district court, then, at no relevant time had pending before it on behalf of Adult Probation any motion for summary judgment (or for Rule 12(b)(6) dismissal). Since summary judgment cannot be granted to a party who has not requested it, *Matter of Hailey*, 621 F.2d 169, 172 (5th Cir.1980), we must assume that, with reference to Adult Probation, the district court acted only upon that defendant's motion to dismiss for lack of subject matter jurisdiction, notwithstanding any reference in the opinion to summary judgment. We review the decision in this respect as it must be properly understood, and are not bound by the classification label of the district court. *Rutherford v. United States*, 702 F.2d 580 (5th Cir.1983).

Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). In this case, the district court based its dismissal on the resolution of disputed facts, *i.e.*, whether appellants are personal staff employees under Title VII and whether Adult Probation is an arm of the state and thus entitled to Eleventh Amendment

immunity. In making this determination, the district court is empowered to hold an evidentiary hearing based on the court's unique power to make factual findings which are decisive of its jurisdiction. *Id.*

However, in cases where the basis of the federal jurisdiction is also an element of the plaintiff's federal cause of action, the United States Supreme Court has set forth a strict standard for dismissal for lack of subject matter jurisdiction. As the Court explained in *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946):

"Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.... The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

Where the factual findings regarding subject matter jurisdiction are intertwined with the merits, we apply the standard as set forth in *Bell v. Hood* that the case should not be dismissed for lack of

---

**3.** Similarly, appellants' response to Adult Probation's amended motion to dismiss was wholly couched in terms of responding to a Rule 12(b)(1) motion to dismiss for want of subject matter jurisdiction.

Likewise, Adult Probation contends in this Court that the dismissal of the Title VII claims against it was for want of subject matter jurisdiction.

subject matter jurisdiction unless the alleged claim is immaterial or is wholly insubstantial and frivolous. *Williamson, supra.* The questions of subject matter jurisdiction and the merits will normally be considered intertwined where the statute provides both the basis of federal court subject matter jurisdiction and the cause of action. *Sun Valley Gas v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983). Here the federal statute, Title VII, both conveys jurisdiction and creates a cause of action. The determination of whether appellants come within an exception of Title VII is intertwined with the merits of the Title VII claim. Where the challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, and assuming that the plaintiff's federal claim is neither insubstantial, frivolous, nor made solely for the purpose of obtaining jurisdiction, the district court should find that it has jurisdiction over the case and deal with the defendant's challenge as an attack on the merits. *Williamson, supra,* at 415.

We review the district court's dismissal of the Title VII claim against Adult Probation under the *Bell v. Hood* standard. Appellants allege that Adult Probation paid more money to male employees and gave them promotions over equally qualified female employees in violation of Title VII. Adult Probation argues that Title VII does not apply in this situation because appellants come within the personal staff exception of Title VII. Title VII provides in this respect:

> "The term 'employee' means an individual employed by an employer, except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate advisor with respect to the exercise of the constitutional or legal

powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the Civil Service Laws of a State government, governmental agency or political subdivision." 42 U.S.C. 2000e(f).

We addressed the factors pertinent to determining whether an employee comes within the Title VII personal staff exemption in *Teneyuca v. Bexar County,* 767 F.2d 148 (5th Cir.1985).[4] The significant factors under the elected official's personal staff exemption include whether the elected official has plenary powers of appointment and removal, whether the employee is personally accountable only to that elected official, whether the person represents the elected official in the eyes of the public, whether the elected official exercises considerable control over the position, the level of the position in the organization's chain of command, and the actual intimacy of the working relationship between the elected official and the employee. *Id.* at 151. Consideration of these factors is tempered by concern that the exception be narrowly construed. *Id.* at 152. The question of employee status under Title VII is a question of federal rather than state law, and state law is relevant only so far as it describes the Title VII plaintiff's position, including duties and supervision. *Teneyuca, supra,* at 150; *Calderon v. Martin County,* 639 F.2d 271, 273 (5th Cir.1981).

■ Applying the *Teneyuca* factors to appellants' situation, it cannot be said that their claim that they are Title VII employees is wholly frivolous. While one of the judges testified that he had the power to appoint probation officers, the only probation officer to testify stated that prior to her assignment she had never met the judge to whose court she was assigned, and, in addition, there was information before the court that probation officers were moved from court to court and from the courts to the field without consultation with the judges. While Adult Probation

---

**4.** We note that the district court did not have the benefit of this decision when it made its determination.

maintains that the probation officer represents the elected judges in the eyes of probationers, the record suggests that probation officers do not represent judges to the general public in the same way that an assistant district attorney or an undersheriff represents the district attorney or sheriff. *Compare Owens v. Rush,* 654 F.2d 1370 (10th Cir.1981) (undersheriff is second in authority and acts on behalf of the sheriff when the sheriff is not available or present); *Ramirez v. San Mateo County,* 639 F.2d 509 (9th Cir.1981) (assistant district attorney represents the district attorney in legal proceedings and in the eyes of the public). The elected officials do appear to exercise ultimate control over probation officers. The record does not show the level of a probation officer in Adult Probation's organizational chain of command. While we do not intimate whether appellants are personal staff and thus exempted from Title VII, we do determine that their claim that they are Title VII employees, and not personal staff of elected officials, is not wholly insubstantial and frivolous and, therefore, under *Bell v. Hood,* the district court should not have dismissed the Title VII action against Adult Probation for lack of subject matter jurisdiction. We do not intend to imply that summary judgment in this case will be precluded. Summary judgment may be appropriate after both parties have an opportunity to present additional evidence. Respecting appellants' Title VII action against Adult Probation, this opinion addresses only the question of whether the claim is frivolous.

 Appellants' suit against Adult Probation also claimed violation of the Fifth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Adult Probation urged in its amended motion to dismiss that the district court lacked subject matter jurisdiction over these claims because Adult Probation is an arm of the state and thus a suit against it is barred by the Eleventh Amendment.[5] The Eleventh Amendment bars suits in federal court by citizens of a state against their own state or a state agency or department. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Suit is barred against a state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. *Cory v. White,* 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Krempp v. Dobbs,* 775 F.2d 1319, 1321 (5th Cir.1985).

 Unlike the Title VII claim, the question of whether Adult Probation is an arm of the state is not intertwined with the merits of appellants' section 1983 claim. In the Title VII claim, the statute conferring federal jurisdiction is the same as the statute which gives appellants their cause of action, and whether appellants are within the exemption for staff of elected officials goes to the merits of the Title VII claim. Here Adult Probation challenged the court's jurisdiction as to the section 1983 claim based on the Eleventh Amendment's bar to suits in federal court against a state agency. While Title VII generally overrides the Eleventh Amendment, *see Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *cf. Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), section 1983 does not. *See, e.g., Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 1146–47, 59 L.Ed.2d 358 (1979). *See also Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069 (5th Cir.1981) (section 1981). We must accordingly decide whether Adult Probation is an arm of the state, thus depriving the federal courts of jurisdiction to hear the section 1983 claim against it, irrespective of the merits of that claim. *See Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507 (5th Cir.), *cert. denied,* 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980).

---

**5.** The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

In determining whether an entity is entitled to Eleventh Amendment immunity, we "must examine the particular entity in question and its powers and characteristics as created by state law...." *Laje v. R.E. Thomason General Hospital*, 665 F.2d 724, 727 (5th Cir.1982). One of the factors we look at in determining whether an agency is an arm of the state and thus entitled to Eleventh Amendment immunity is whether the state statutes and case law view the agency as an arm of the state. *Jacintoport Corp. v. Greater Baton Rouge Port Commission*, 762 F.2d 435, 438–40 (5th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 797, 88 L.Ed.2d 774 (1986); *United Carolina Bank v. Board of Regents*, 665 F.2d 553 (5th Cir.1982). Article 42.12, sections 1 and 10(a), Tex.Code Crim. Proc.Ann. (West Supp.1986), gives control of the Adult Probation offices to the district judges, who are undeniably elected state officials. *Holloway v. Walker*, 765 F.2d 517 (5th Cir.) (Texas state judges are state elected officials), *cert. denied*, —— U.S. ——, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985). The Texas Attorney General has interpreted Tex.Code Crim.Proc.Ann. art. 42.12 § 10 as intending to give control of probation departments to state judicial districts. Op.Tex.Att'y Gen. No. JM–410 (1985). The Attorney General, relying in part upon the district court's decision in this case, has held that Adult Probation employees are state employees. *Id.* On the other hand, the Texas statute states that Adult Probation employees are not state employees, except for purposes of worker's compensation and where the employee causes damages resulting from negligence or a deprivation of federal or state constitutional rights or privileges. Tex. Code Crim.Proc.Ann. art. 42.12 § 10(g) & (k).

Another factor we consider is the source of the entity's funding, since an important goal of the Eleventh Amendment is the protection of state treasuries. *Jacintoport, supra; United Carolina Bank, supra*. Part of Adult Probation's funding comes from the state and part from probation fees. Tex.Code Crim.Proc.Ann. art. 42.12 § 10. In addition, the County is required to provide certain physical facilities for the department. *Id.* at § 10(*l*). Appellants argue that since part of the income is from probationary fees, any judgment will not be paid out of state funds and, therefore, the Eleventh Amendment does not bar the suit. However, in *Jagnandan v. Giles*, 538 F.2d 1166 (5th Cir.1976), *cert. denied*, 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977), we held that the fact that a payment could come from tuition fees did not change the Eleventh Amendment bar because the fees were comingled with the other monies of the university and, more importantly, these fees had been factored into the preparation of the annual budget for the university by the state and were relied upon by the legislature in determining the maximum amount of expenditures allowed. We held that to compel payment would add an expenditure not figured into the budget and, therefore, was barred by the Eleventh Amendment.

Another factor which we frequently have considered is the entity's degree of local autonomy. *Jacintoport, supra*. The statute gives responsibility for the probation departments to the district judges, who are elected officials. Appellants argue that there is a high degree of local autonomy since the judges do not hold office as the result of statewide election, but rather are elected from districts, which in this case coincide with the Tarrant County lines. However, the establishment of probation departments is tied to judicial districts and not county lines. Tex.Code Crim.Proc.Ann. art. 42.12. The fact that in this instance the judicial district is entirely within Tarrant County is merely coincidental and is not significant in relation to Adult Probation's being part of the County. Counties are created by Article Nine of the Texas Constitution, while judicial districts are created under Article Five, which is the judicial article. Tex. Const. arts. V § 7 & IX § 1. The district judges derive their power from the judicial article of the state constitution and not from the County. The statute does require the county commissioners

to approve the budget; however, the Texas courts have held that the commissioners can be mandamused to provide the funds. *Commissioners' Court of Hays County v. District Judge 22nd Judicial District,* 506 S.W.2d 630 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.).

Another significant factor in determining Eleventh Amendment immunity is whether the entity is concerned primarily with local, as opposed to statewide, problems. *Jacintoport, supra.* At first glance, Adult Probation would seem to be involved with local problems as it deals only with probationers in Tarrant County; however, as explained above, the coincidence of county lines and judicial districts is not required. The statute was enacted to address a statewide problem and to put control of probationers in the hands of state officers. *See* Op.Tex. Atty.Gen. No. JM–410 (1985). Dividing the responsibilities into judicial districts is merely an administrative tool for handling a statewide, state program.

Other factors we have looked at are whether the entity has the authority to sue and be sued in its own name and whether it has the right to hold and use property. Adult Probation employees are considered employees of the state for purposes of suits involving negligence or violation of state or federal constitutional rights. Tex. Code Crim.Proc.Ann. art. 42.12 § 10(k). Adult Probation is not given the right to sue or be sued in its own name. No mention is made in the statute regarding the ability of the probation department to hold property in its own name or otherwise.

■ While no single factor conclusively shows that Adult Probation is an arm of the state, viewing all the factors as a whole, we hold that Adult Probation is an arm of the state within the meaning of the Eleventh Amendment, and that the federal courts lack subject matter jurisdiction over appellants' section 1983 claims against it. Accordingly, we affirm the district court's dismissal of the section 1983 claims against Adult Probation for lack of subject matter jurisdiction.

*Grant of Summary Judgment to Tarrant County Under Rule 12(b)(6)*

Tarrant County had before the district court only a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted and a Fed.R. Civ.P. 12(b)(7) motion to dismiss because of failure to join an indispensable party. The district court considered matters outside the pleadings in ruling on the Rule 12(b)(6) motion to dismiss for failure to state a claim, so that, as expressly provided in Rule 12(b)(6), the motion to dismiss was converted into a motion for summary judgment under Fed.R.Civ.P. 56. We have held that when a Rule 12(b)(6) motion is converted into a summary judgment, the court must strictly comply with the notice requirement of Rule 56. *Matter of Hailey,* 621 F.2d 169 (5th Cir.1980); *Underwood v. Hunter,* 604 F.2d 367, 369 (5th Cir.1979).

■ Appellants, citing our decision in *Scott v. Courtesy Inns, Inc.,* 472 F.2d 563 (5th Cir.1973), argue that summary judgment for Tarrant County was improper in this case because the district court did not give ten days' notice of its intent to treat the motion as one for summary judgment. In *Scott,* we held that the district court erred in dismissing a case under summary judgment without giving ten days' notice as provided for in Rule 56. The district judge in *Scott* announced at the hearing on the motion to dismiss that he would treat the motion as one for summary judgment, and then denied the appellant's request for additional time to file affidavits. The rationale behind *Scott* is that the purpose of Rule 56 is to prevent surprise to the party against whom the judgment is given. We will not assume that a party will put forth all of its evidence if it does not know that the court is going to treat the matter as a summary judgment motion, since a "pure" Rule 12(b)(6) motion relies solely on the pleadings. *See Underwood, supra.* In this case, however, about a year and a half elapsed between the hearing and the issuance of the district court's opinion. Appellants were put on fair notice at the hearing that the court might treat Tarrant

County's Rule 12(b)(6) motion as a motion for summary judgment since the court accepted evidence outside the pleadings.[6] After this hearing, appellants had ample time in which to submit other evidence to the court.[7] Under Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence. *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389 (6th Cir.1975). In *Dayco*, the Sixth Circuit held that the ten-day requirement of Rule 56, when used in conjunction with Rule 12(b)(6), means that the party against whom summary judgment is sought is entitled to at least ten days to file supplemental material after the hearing in which the court views evidence outside the pleadings. The court held that while it might be the better practice to give express notice that the court intends to treat a Rule 12(b)(6) motion as a motion for summary judgment, failure to give such notice does not require reversal. *Id.* at 392; *accord Salveson v. Western States Bankcard Association*, 731 F.2d 1423 (9th Cir.1984).

Another purpose of the Rule 56 notice requirement is that the summary judgment may not be used to cut off discovery. In this case, the evidentiary hearing was held on September 15 and 16, 1983. Appellants did not object to the reception of evidence. For over sixteen months following the hearing discovery continued, but appellants made no effort to submit additional evidence for the court's consideration during that more than ample period. Appellants had a full, fair, and wholly adequate opportunity for discovery. There was no improper cut off of discovery.

Having determined that summary judgment was proper procedurally, the next question is whether it was substantively correct in this case. We may affirm a summary judgment "only when the moving party has established his rights to the judgment with such clarity that the nonmoving party cannot recover ... under any discernible circumstances." *Everhart v. Drake Management, Inc.*, 627 F.2d 686, 690 (5th Cir.1980), *quoted in Jones v. Western Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). We have stated that summary judgment should be used cautiously in Title VII cases. *Jones, supra* at 283; *Hayden v. First National Bank*, 595 F.2d 994, 997 (5th Cir.1979).

The district court found that Adult Probation was created and governed by Tex. Code Crim.Proc.Ann. art. 42.12, and that under article 42.12 the state judges had direct supervision and control over the probation officers. The court found that Adult Probation was funded by appropriations of the state legislature and probationers' fees, that the County did not hire, fire, supervise, promote, or pay the salaries of the probation officers, but, as required by article 42.12, the County provided physical facilities and equipment for Adult Probation and contracted with the state judges for inclusion of the probation officers in the County's insurance and retirement plans. Appellants contend that the district court erred in finding that as a matter of law the County was not an employer of the probation officers. Appellants now raise three challenges to the judgment: (1) that Tex.Rev.Civ.Stat.Ann. art. 2292-2 (West

---

6. This is not the case as to Adult Probation, however, for it had pending no Rule 12(b)(6) motion (nor any motion under Rule 56). Adult Probation had pending only a Rule 12(b)(1) motion, and there is no provision of the Rules authorizing such a motion to be treated as a motion for summary judgment.

7. Appellants did attempt to submit two depositions in February 1985, seventeen months after the hearing. The depositions were taken in August 1983, before the evidentiary hearing, and the district court, on Adult Probation's motion, struck the depositions. The district court's action did not unfairly prejudice appellants since the attempted submission was so grossly belated.

1971), which gives significant control to the County, applies in this case; (2) that the court should have admitted the deposition testimony of a Tarrant County official and that this testimony would show that the County was an employer; and (3) based on the information before the court, it was error to conclude that Tarrant County was not an employer.

■ Article 2292–2, Tex.Rev.Civ.Stat. Ann., provides an alternative method for the creation of an adult probation department for Tarrant County.[8] Neither party raised article 2292–2 below, but rather both parties argued that Adult Probation was governed by article 42.12. According to its language, article 2292–2 provides an alternative when article 42.12 is not used. The district court found that Adult Probation was governed by article 42.12 and the testimony regarding funding at the hearing supports this finding. The provisions of article 2292–2 do not apply.

■ Appellants also complain that the district court should have admitted the deposition testimony of the Adult Probation director, which appellants allege shows that Tarrant County officials recruit probation officers. The district court granted Adult Probation's motion to strike the deposition because it was filed seventeen months after the evidentiary hearing, even though it was taken *before* the hearing. Given the lengthy delay in filing the deposition, even though appellants had been put on notice of the possibility of the court's treating the motion as one for summary

judgment, the district court did not abuse its discretion in refusing to admit the deposition. *Cook v. Hirshberg*, 258 F.2d 56, 57–58 (2d Cir.1958).

■ Finally, appellants complain that the evidence produced at the hearing was sufficient to show such an entanglement between the County and Adult Probation that the County should be held responsible for Adult Probation's discriminatory action. Appellants note that the County supplies Adult Probation with physical facilities and some services, such as data processing, and probation officers participate in the County's insurance and retirement plans. They contend this is sufficient to create liability for the County. The district court ruled that despite these ties, appellants did not have a complaint against Tarrant County since the County did not hire, fire, promote, or supervise Adult Probation employees. While the status of an employee is a question of federal law in determining a Title VII claim, state law is relevant in describing the duties and supervision of the employees. *Teneyuca, supra,* at 150. Texas case law holds that under article 42.12 the authority to appoint and set salaries for probation officers is the prerogative of the state judges, *Commissioners Court of Lubbock County v. Martin,* 471 S.W.2d 100 (Tex.Civ.App.—Lubbock 1971, writ ref'd n.r.e.), and the commissioners court can be mandamused to appropriate the funds specified by the state judges. *Commissioners' Court of Hays County, supra.* The evidence before the

---

8. Article 2292–2 provides in pertinent part:

"The Judges of the District Courts and Criminal District Courts in Tarrant County, for the purpose of effectively carrying out the adult probation and parole laws of this State, are hereby authorized to appoint an Adult Probation and Parole Officer for Tarrant County, where a probation and parole officer has not been assigned to a court and/or district in Tarrant County in accordance with the provisions of Chapter 452, Acts of the Fiftieth Legislature, 1947, known as the Adult Probation and Parole Law and codified as Article 781b in Vernon's Texas Code of Criminal Procedure [now Tex. Code Crim.Proc.Ann. art. 42.12]. The salary of such Probation and Parole Officer shall be set by the Commissioners Court of Tarrant County and shall be paid out of the general fund of the county.

"Upon approval of such expenditures by the Commissioners Court, the aforesaid Judges may appoint assistant probation and parole officers and such other employees as they deem necessary to serve in the Adult Probation Office. The salaries of all such employees shall be paid from the general fund of the county. All necessary and reasonable expenses, including an automobile allowance for use of personal automobiles on official business, of the Adult Probation and Parole Officer or other employees incurred in the performance of their duties and the conduct of the Adult Probation Office, may be paid out of the general fund, upon approval of the Commissioners Court."

court and Texas case law clearly demonstrate that Tarrant County had no authority to set salaries or to decide promotion of adult probation officers, and there was no contrary evidence. The district court correctly determined as a matter of law that since Tarrant County did not set salaries nor influence promotion decisions, appellants did not state a claim against Tarrant County for discrimination based on salary and promotion differentials. The summary judgment in favor of Tarrant County is accordingly affirmed.

### Conclusion

We hold that the dismissal of appellants' Title VII claim against Adult Probation must be considered as a dismissal for want of subject matter jurisdiction, as that was the only ground for such dismissal pending before the district court, and that the dismissal on that basis was error as the jurisdictional issue is so closely intertwined with the merits that they cannot be separated. Although we make no holding, nor intimate any, respecting whether the employees come within the Title VII personal staff exemption, we do hold that appellants' claim in this respect is not frivolous and, therefore, that the district court erred by dismissing the Title VII claim against Adult Probation for want of subject matter jurisdiction. The evidence before the district court showed that Adult Probation is an arm of the state such that the Eleventh Amendment bars appellants' section 1983 suit against it in federal court, and accordingly the district court did not err in dismissing appellants' section 1983 claims against Adult Probation. As to the summary judgment awarded to Tarrant County, we find that appellants had sufficient notice that the court was considering matters outside the pleadings and might grant summary judgment and, therefore, they were not entitled to additional notice. Furthermore, we find that there was no genuine issue of material fact and the district court was correct in awarding summary judgment on the merits to Tarrant County, and that judgment is affirmed.

In sum, so much of the judgment below as dismisses on the merits all the claims of appellants against Tarrant County is affirmed; so much of that judgment as dismisses appellants' Title VII claims against Adult Probation is reversed and remanded for further proceedings consistent herewith, and so much of that judgment as dismisses all remaining claims of appellants against Adult Probation under the Eleventh Amendment is affirmed.

The judgment is AFFIRMED in part, and REVERSED and REMANDED in part for entry of appropriate orders and further proceedings consistent herewith.