UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31325
Summary Calendar

_____

NORTHWEST LOUISIANA FISH & GAME PRESERVE COMMISSION,

Plaintiff-Appellant,

v.

RED RIVER WATERWAY COMMISSION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana

No. 97-CV-1984

_____
June 6, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

    This case comes before us on appeal from the district

court's grant of summary judgment for defendant Red River

Waterway Commission ("RRWC") on plaintiff Northwest Louisiana

Fish & Game Preserve Commission's ("NLF&GPC") inverse

condemnation claim.  Since we agree with the district court's

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

determination that RRWC established that it was entitled to judgment as a matter of law and that NLF&GPC failed to establish that there existed a genuine material issue of fact for trial, we AFFIRM.

## I.

This case arose from an engineering project aimed at reducing flooding and accommodating navigation along the Red River basin. The United States Army Corp of Engineers constructed a series of five locks and dams along the Red River. The RRWC was established by the Louisiana legislature to aid in the project. According to its legislative charter, the RRWC was empowered "to establish, operate, and maintain the waterway," and to acquire the property rights necessary to complete that task. Despite this broad charter language, the RRWC's participation in the project has been limited to the acquisition of property rights, and it does not appear that broader participation was ever actually contemplated.

The original design for the project established the water level in pool three at 85 feet. In January of 1995, the level in the pool was raised to 95 feet. Prior to that time, either the RRWC or the Corp of Engineers had acquired most of the property rights to accommodate the rise in water level, except no agreement had been reached for the acquisition property owned by NWF&GPC.

The NWF&GPC filed suit in state court against the RRWC claiming that the Commission was responsible for raising the water level in the pool and causing damage to NWF&GPC's land bordering the pool. Thus began the tortured procedural history of this case. The defendant answered, filed a third-party demand against the United States through the Army Corp of Engineers, and removed the case to federal court. The case was remanded to state court for failure to show any basis for federal subject matter jurisdiction, only to be removed again, this time by the United States. *See* 28 U.S.C. § 2679(d) (2) (1994). The presiding judge denied plaintiff's second motion for remand of the entire case and its alternative motion to sever and remand the principal demand. This determination was based on the judge's conclusion that the principal demand against RRWC and the third-party demand were not "separate and independent" claims. The judge similarly rejected plaintiff's contentions that the case could not be heard in federal court because the defendant was vested with immunity under the Eleventh Amendment. Plaintiff sought certification for interlocutory appeal, which the district court denied. Plaintiff then filed a writ of mandamus, which we denied.

Finally, more than two and one half years after the initial suit was filed, defendant moved for summary judgment. After concluding that the defendant was entitled to judgment as a

3

matter of law and that no genuine issues of fact existed, the court granted summary judgment in favor of defendant. Plaintiff appealed, and now challenges (1) the grant of summary judgment, (2) the trial court's rejection of plaintiff's attempt to compel remand by invoking the Eleventh Amendment, and (3) the court's refusal to sever and remand the principal demand to state court.

## II.

Plaintiff appeals the district court's grant of summary judgment for the defendant; we review a district court's grant of summary judgment *de novo*. *See Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Todd v. AIG Life Ins. Co.,* 47 F. 3d 1448, 1451 (5th Cir. 1995). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). In making this determination, we must evaluate the facts in the light most favorable to the non-moving party. *See Matsushita,* 475 U.S. at 587; *Todd,* 47 F. 3d at 1451.

Plaintiff appeals the district court's determination that this suit was not barred by the Eleventh Amendment. We review Eleventh Amendment immunity determinations, like other questions of subject matter jurisdiction, *de novo* as a question of law. *United States v. Texas Tech Univ.,* 171 F. 3d 279, 288 (5th Cir. 1999).

4

Finally, Plaintiff appeals the district court's denial of its motion to sever and remand.  A trial court has broad discretion to sever and remand, we review only for abuse of that discretion.  *See Brunet v. United Gas Pipeline Co.,* 15 F. 3d 500, 505 (5th Cir. 1994).

### III.

### *A.*

The district court's summary judgment order details all of the relevant summary judgment proof adduced by the parties. Through its submissions, including federal and state legislative materials concerning the Red River project and other similar undertakings, Defendant established that its role in the project was limited to the acquisition of property rights.  Operational control over the project was exercised solely by the Corp of Engineers.  The Project Management Plan and affidavit evidence from the Executive Director of the RRWC further clarifies that any operational decision, such as the decision to raise the water level in pool three, could only have been undertaken by the Corp of Engineers, not the RRWC.

Plaintiff's submissions included ten letters containing correspondence between the Corp of Engineers, the Louisiana Department of Wildlife and Fisheries, and the RRWC.  The court's summary judgment order addressed each piece of evidence individually.  Ultimately, the court concluded that none of the

letters established a fact question as to the operational authority to raise the water level in pool three. The plaintiff also submitted two reports concerning the project. Of the two, only one was deemed relevant to the case, and it only served to buttress defendant's case.

The district court determined that RRWC's role was limited, and did not extend to operational control of the project. The RRWC did not cause the damage to Plaintiff's property, and therefore, Plaintiff cannot recover under Louisiana's law of inverse condemnation. We AFFIRM the district court's grant of summary judgment.

### B.

Plaintiff's argument that the Eleventh Amendment bars this suit from federal court can be quickly dispatched. The criteria by which we determine whether an entity is an arm of the state entitled to Eleventh Amendment immunity were set forth in *Clark v. Tarrant County, Texas*, 798 F.2d 736, 744-45 (5th Cir. 1986) and *United Carolina Bank v. Board of Regents*, 665 F.2d 553 (5th Cir. 1982). The six factors that guide our determination are as follows:

> (1) whether the state statutes and case law characterize the agency as an arm of the state;
> (2) the source of the funds for the entity;
> (3) the degree of local autonomy the entity enjoys;
> (4) whether the entity is concerned primarily with local, as opposed to state-wide problems;
> (5) whether the entity has authority to sue and be sued

6

in its own name;   [and]
(6) whether the entity has the right to hold and use property.

*Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir. 1997).  In its single appellate brief, Plaintiff fails to address any of these factors.  Conversely, Defendant conclusively establishes that all six factors counsel against a determination that RRWC is an arm of the State of Louisiana.  We conclude that the district court did not err when it rejected Plaintiff's attempt to invoke the Eleventh Amendment on Defendant's behalf.

### c.

The district court refused to sever and remand the principal demand because the third-party demand was not a separate and independent claim.  The court reasoned that since the "third-party complaint seeks indemnity based on allegations that the third-party's negligence caused the plaintiff's damage, the claim is not separate and independent" citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951).  The court went on to note that even if the third-party demand were a separate and independent claim, judicial economy and fairness would be best served by keeping the entire action in federal court.

The statutory authority to sever and remand is set forth at 28 U.S.C. § 1441(c):

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise

7

> non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c)(1994).

Plaintiff asserts simply that "[t]here is clear and pervasive authority which supports a sever and remand." However, the cases Plaintiff cites are not solidly on point, and Plaintiff fails to set forth how any factual distinction can be made between the principal and the third-party demand. Accordingly, we conclude that the third-party demand against the United States was not a separate and independent claim or cause of action. The district court correctly recognized that it was without discretion to sever and remand under § 1441(c).

## IV.

For the reasons set forth above, we AFFIRM.