**Yvonne STIGALL, Individually and as Next Friend to Rodney Stigall, an Incapacitated Adult, and Katelyn and Kaylin Stigall, Minors, Plaintiff**

v.

**NISSAN MOTOR CO., LTD., et al., Defendant.**

**Case No. 2:07cv353.**

United States District Court, E.D. Texas, Marshall Division.

March 19, 2008.

E. Todd Tracy, The Tracy Firm, Dallas, TX, for Plaintiff.

Larry Don Grayson, Brian Rawson, Hartline Dacus Barger Dreyer & Kern, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

LEONARD DAVIS, District Judge.

Before the Court are Third Party Defendants City of Quinlan's and Andrew Clinton Landrith's (collectively "Third Party Defendants") Motion to Dismiss Third–Party Complaint of Nissan Motor Co., Ltd. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Docket No. 11), Defendant's Agreed Motion to Dismiss Andrew Landrith Without Prejudice (Docket No. 14), Defendant Nissan Motor Co., Ltd.'s ("Nissan") Motion for Leave to File Its First Amended Third Party Complaint (Docket No. 16). After considering the parties' written submissions, the Court **DENIES** Third Party Defendants' motion to dismiss and holds Defendant Nissan's agreed motion to dismiss and Defendant Nissan's motion for leave to amend in abeyance for three weeks.

## BACKGROUND

The present suit arises out of an automobile accident, which left Rodney Stigall incapacitated. Plaintiff Yvonne Stigall, individually and as next friend to Rodney Stigall, filed suit against Nissan alleging various claims. Nissan filed a third party complaint alleging Third Party Defendant Landrith, a Quinlan police officer, caused

the accident while acting within the course and scope of his employment. Nissan also alleged Third Party Defendant City of Quinlan ("Quinlan") was liable under the doctrine of *respondent superior.*

Third Party Defendants moved to dismiss the third party complaint for want of subject matter jurisdiction pursuant to Section 101.106 of the Texas Civil Practices and Remedies Code. Then, Nissan filed the agreed motion to dismiss Landrith from the third party complaint without prejudice, which Third Party Defendant Quinlan contends is not truly agreed. Based on the pending dismissal of Landrith, Nissan moved for leave to amend its third party complaint to name Quinlan as the sole Third Party Defendant.

## MOTION TO DISMISS
## UNDER 12(b)(1)

### Applicable Law

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction when the district court lacks the statutory and constitutional power to adjudicate the case. *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). When ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac v.o.f.,* 241 F.3d 420, 424 (5th Cir.2001); *see also Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981)). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).

### Analysis

Third Party Defendants contend that the Court lacks subject matter jurisdiction to hear Nissan's complaint. Neither party disputes that the Texas Torts Claims Act applies. Third Party Defendants argue that Section 101.106 of the Texas Civil Practices and Remedies Code provides a procedural bar to the third party complaint as Nissan sued both the governmental unit—Quinlan—and its employee—Landrith.

Section 101.106(a) states that when a party sues a governmental unit, the party makes an irrevocable election, which bars the party from suing the individual employee. Tex. Civ. Prac. & Rem.Code § 101.106(a) (Vernon 2005); *see also* Tex. Civ. Prac. & Rem.Code § 101.106(b) (stating the converse of subsection (a)). Third Party Defendants contend that because Nissan sued both the governmental unit and individual employee, these sections bar the present suit. Third Party Defendants' interpretation is contrary to the plain language of the statute and the case law.

Neither subsection (a) nor subsection (b) addresses the procedure for when both the governmental unit and individual employee are sued simultaneously. Subsection (e) is the only subsection to address this issue. It reads, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Nissan sued both Quinlan and its employee, Landrith; thus, "subsection (e) controls." *See Ibarra v. Harris County Tex.,* 243 Fed.Appx. 830, 837 (5th Cir.2007) (rejecting application of subsection (a) or (b) and holding that subsection (e) controls because the plaintiff sued both the county and individual employees). Quinlan has

not sought to dismiss Landrith as allowed by subsection (e).[1] Therefore, Nissan is not barred from suing both third party defendants. *See id.* at 837 ("Subsection (e) does not explicitly prohibit suits against both employee and governmental unit"). Accordingly, the Court **DENIES** Third Party Defendants' motion (Docket No. 11).

### AGREED MOTION TO DISMISS & MOTION FOR LEAVE TO AMEND

Nissan appears to have moved to dismiss Landrith and for leave to amend in order to comply with Section 101.106(f). However, consistent with this Court's ruling, Nissan does not need to invoke Subsection (f) as Subsection (e) applies. Accordingly, the Court will hold Nissan's Agreed Motion to Dismiss and Motion for Leave to Amend in abeyance for three weeks. Should Nissan still desire to dismiss Landrith before then, it should file a notice to the Court requesting such relief. Third Party Defendant Quinlan may also move to dismiss Landrith pursuant to Section 101.106(e). *See* Tex. Civ. Prac. & Rem.Code § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit").

### CONCLUSION

For the aforementioned reasons, the Court **DENIES** Third Party Defendants' Motion to Dismiss (Docket No. 11) and holds Defendant Nissan's Agreed Motion to Dismiss and Defendant Nissan's Motion

for Leave to Amend in abeyance for three weeks.

---

1. Although both Third Party Defendants moved to dismiss under 12(b)(1), Quinlan makes it clear that their motion is not an attempt to invoke subsection (e) by consenting to the dismissal of Landrith.