# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50913

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2019

Lyle W. Cayce
Clerk

RYAN SISSOM,

>      Plaintiff – Appellant,

v.

UNIVERSITY OF TEXAS HIGH SCHOOL; UNIVERSITY OF TEXAS; BETH COOPER, Principal/Director III of University of Texas High School; STEVE ROSEN, Legal advisor for University of Texas regents; STEVE WALLS, Superintendent of University of Texas High School,

>      Defendants – Appellees.

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:

Ryan Sissom sued the University of Texas at Austin, University of Texas High School (UT High School), and various school officials, for racketeering and "gaslighting"—a term used by some to describe causing psychological harm. The district court dismissed Sissom's complaint for lack of jurisdiction as to all defendants, holding that they are entitled to sovereign immunity. We AFFIRM.

No. 17-50913

I.

In 1998, the Texas State Board of Education approved the University of Texas at Austin to establish UT High School, an online high school program authorized to award high school credits and diplomas. UT High School is governed by the University of Texas.

Sissom enrolled in UT High School in 2014 and attended for the next two and a half years until he seemingly graduated from the school. Sissom, proceeding *pro se*, filed suit against the University of Texas at Austin, UT High School, Beth Cooper (UT High School's principal), Steve Rosen (Associate Vice President for Legal Affairs for the University of Texas), and Steve Walls (UT High School's superintendent) in their official capacities, alleging claims of "gaslighting" as well as violations of the Racketeer Influenced and Corrupt Organization Act (RICO).

Sissom bases his claims on the events that allegedly occurred while he was a student at UT High School. At bottom, Sissom alleges that UT High School's various policies and practices regarding grading and ranking "knocked [him] out of the running" for various scholarships and admissions into prestigious colleges. Sissom also alleges that UT High School's officials conspired to do so in order to gaslight—or cause psychological harm to—him. The district court dismissed Sissom's complaint for lack of jurisdiction, holding that all of the defendants enjoy sovereign immunity under the Eleventh Amendment. Sissom appealed.

II.

We review a district court's dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction *de novo*. *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005).

No. 17-50913

## III.

States are immune from suit except by their consent or by express abrogation of their immunity by Congress pursuant to an appropriate constitutional provision. *Alden v. Maine*, 527 U.S. 706, 733 (1999); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72 (1996). The states' immunity "is a fundamental aspect of the sovereignty which the [s]tates enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments." *Alden*, 527 U.S. at 713. The Supreme Court has made it clear that, although the states' immunity from suit has been referred to as "Eleventh Amendment immunity," this phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Id.*; *accord Franchise Tax Bd. of Cal. v. Hyatt*, 139 S. Ct. 1485, 1496 (2019).

The Eleventh Amendment confirmed the deeply rooted "recognition that the [s]tates, although a union, maintain certain attributes of sovereignty, including sovereign immunity." *Hyatt*, 139 S. Ct. at 1496 (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). However, because the Eleventh Amendment textually divests federal courts of jurisdiction over states, it is indispensable to assessing this court's jurisdiction. Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . ." U.S. Const. amend. XI. "When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity." *Cozzo v. Tangipahoa Par. Council–President Gov't*, 279 F.3d 273, 280–81 (5th Cir. 2002). However, "the Eleventh Amendment does not

extend its immunity to units of local government." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 369 (2001).

Here, we must determine whether UT High School is an arm of the state entitled to sovereign immunity or a local government body not entitled to sovereign immunity. "To determine whether a unit of government belongs to state or local government, we employ the six-factor test developed in *Clark v. Tarrant Cty., Tex.*, 798 F.2d 736 (5th Cir. 1986)." *Providence Behavioral Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 456 (5th Cir. 2018). The six factors are:

1. Whether the state statutes and case law view the agency as an arm of the state;

2. The source of the entity's funding;

3. The entity's degree of local autonomy;

4. Whether the entity is concerned primarily with local as opposed to statewide problems;

5. Whether the entity has the authority to sue and be sued in its own name; and

6. Whether the entity has the right to hold and use property.

*Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999). "The goal of this test is to determine 'whether the suit is in reality a suit against the state itself.'" *Providence Behavioral Health*, 902 F.3d at 456 (quoting *Hudson*, 174 F.3d at 682). Applying the six-factor test, we hold that UT High School is an instrumentality of the State of Texas and entitled to sovereign immunity.

The first *Clark* factor—whether state law views the agency as an arm of the state—favors treating UT High School as an arm of the state. Although neither party points us to a Texas statute or court case directly relevant to UT High School, Sissom's complaint and documents appended thereto show that UT High School is considered a department within, and governed by, the

No. 17-50913

University of Texas at Austin.[1]  The University is an entity within the University of Texas System and governed by the Board of Regents of the System.  Tex. Educ. Code § 67.02.  The University's Division of Continuing Education sought the creation of UT High School to "grant course credit and/or a high school diploma through the Independent and Distance Learning program."[2]  The University of Texas at Austin is "inarguably a state agency," *Saenz v. Univ. Interscholastic League*, 487 F.2d 1026, 1027 (5th Cir. 1973), that is entitled to sovereign immunity, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  *See also* Tex. Const. art. VII, § 10 (requiring the Legislature to establish the University of Texas); Tex. Gov't Code § 572.002(10)(B) (including university systems in the definition of "State agency").

It follows that UT High School, as a department within the University of Texas at Austin, is also an instrumentality of the State of Texas.  *See United States ex rel. King v. Univ. of Tex. Health Sci. Ctr.–Houston*, 544 F. App'x 490, 495 (5th Cir. 2013) (observing that because the Health Science Center is "part of the University of Texas System," the first *Clark* factor favored treating the Center as an arm of the State of Texas); *see also Saenz*, 487 F.2d at 1027–28 (holding that an interscholastic league administered by the Extension Division

---

[1] In reviewing a motion to dismiss for lack of jurisdiction, "the court may consider any of the following:  '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' "  *Walch v. Adjutant Gen's. Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008) (quoting *Robinson v. TCI/US W. Cable Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997)).

[2] This description of the purpose of UT High School comes from the Texas State Board of Education meeting minutes of which Sissom asks us to take judicial notice for the first time on appeal.  UT High School also refers to these meeting minutes throughout its brief. We take judicial notice of the meeting minutes.  *See Doe v. McKesson*, 922 F.3d 604, 613 (5th Cir. 2019).

of the University of Texas "constitutes a governmental entity outside the ambit of the Sherman Act").

The second *Clark* factor—source of funding—favors treating the UT High School as the state's instrumentality. In filing his complaint, Sissom attached a copy of the receipt for his payment of course fees. The receipt shows that Sissom paid his fees not to UT High School, but to the University of Texas at Austin, which in turn issued the receipt. The fact that Sissom's payment went to the University supports UT High School's argument that, unlike an ordinary school board, it is dependent on the University, a state agency, for its funding. Although the Texas Board of Education meeting minutes show that UT High School was approved under the condition that "[n]o state funds shall be used to support the program," UT High School contends that this means that UT High School cannot receive any *other* funding from the state except through the University. We conclude that UT High School's argument is consistent with the record evidence that Sissom himself provided: Students pay the University for attending UT High School. Thus, we hold that the second *Clark* factor favors treating UT High School, which is dependent on the University for funding, as an arm of the state.

The third *Clark* factor—autonomy—also favors UT High School. The available record evidence provided by Sissom shows that UT High School is governed by the University. The fourth *Clark* factor—scope of the problem—further favors UT High School. We previously noted that "[e]ducation and research are statewide concerns." *King*, 544 F. App'x at 498. But more importantly, UT High School is an online program available to all residents in the State of Texas and not confined to a specific locality.

Whom the fifth *Clark* factor—ability to sue and be sued in its own name—favors is unclear. Neither party has pointed us to a case in which UT High School was a party, or was named a party, in a suit. However, Sissom's

## No. 17-50913

documents show that the University's associate vice president for legal affairs corresponded with Sissom to address his concerns, which tends to support the proposition that UT High School may not have the ability to sue and be sued on its own. Ultimately, however, we cannot make a conclusion as to which party this factor favors. The last *Clark* factor—ability to hold property—favors UT High School. The Board of Regents of the University of Texas System controls the management of the University's property, including UT High School's. *See* Tex. Educ. Code § 65.39. Furthermore, Sissom's payment of fees to the University demonstrates that the University—not UT High School—controls UT High School's funds and property.

We conclude that UT High School is an instrumentality of the State of Texas that enjoys sovereign immunity.[3] Accordingly, the district court properly dismissed Sissom's complaint for lack of subject matter jurisdiction under the Eleventh Amendment.[4]

### IV.

Although Sissom claims to appeal the district court's dismissal of his complaint as to the University of Texas, Cooper, Rosen, and Walls in the table of contents of his opening brief, the argument section of his brief does not provide or develop any argument on why the district court's dismissal was erroneous as to these defendants. "Although [this court] liberally construe[s] the briefs of pro se appellants, [this court] also require[s] that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

---

[3] For the first time in this litigation, Sissom also asks this court to disqualify the Attorney General of Texas from representing UT High School as defense counsel on the grounds that UT High School is not a valid school district that could be represented by the Attorney General under state law. Because Sissom failed to raise this issue below, we decline to address it.

[4] Because we lack jurisdiction, we need not determine whether Sissom's "gaslighting" and RICO claims are cognizable and pleaded sufficiently to survive Rule 12(b)(6).

No. 17-50913

Because Sissom has offered no basis to reverse the district court's analysis as to the University, Cooper, Rosen, and Walls, we hold that Sissom's appeal of the dismissal as to these defendants was abandoned. *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it.").

V.

For the foregoing reasons, we AFFIRM the dismissal of Sissom's complaint.