**Mary M. RANDALL**

v.

**JEFFERSON COUNTY and Jefferson County Adult Probation Services.**

**No. B–88–0882–CA.**

United States District Court, E.D. Texas, Beaumont Division.

April 11, 1991.

Patrick J. Gilpin, Asst. Dist. Atty., Beaumont, Tex., for plaintiff.

Lauri Schneidau and Susan Formby Marshall, Asst. Attys. Gen., Austin, Tex., for defendants.

MEMORANDUM OPINION

COBB, District Judge.

Plaintiff Mary M. Randall (Randall) brought this action against numerous defendants, alleging racial discrimination in employment, in violation of 42 U.S.C. § 2000e *et seq.* (Title VII), as well as other causes of action. Following summary judgment for all defendants except Jefferson County (the County), and Jefferson County Adult Probation Department (JCAPD), and eliminating all causes of action except Title VII, trial was had to the court. The court now enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Randall is a black female, and a citizen of the United States. From April 1984 to August 1988, Randall was employed by JCAPD. JCAPD is not an agency of the County.

At the time she was terminated, Randall held the position of Adult Probation Officer II. She had a case load of approximately 130 felony probationers. On June 9, 1988, Randall went out on sick leave. She exhausted her sick leave and allotted vacation time on August 17, 1988.

Pursuant to the terms of the Jefferson County Personnel Policy Manual, which was adopted by JCAPD, Randall was notified by letter that she had exhausted all her leave time. Once leave was exhausted, the policy required either a recommendation of termination or a recommendation of ninety (90) days additional unpaid leave. In the letter to Randall, JCAPD requested she meet with Montie Morgan (Morgan), Chief of JCAPD, to discuss which recommendation should be made.

Randall and Morgan met August 29, 1988. Randall could not estimate when she would be able to return to work. Her case load was being covered by the other officers in her absence, in addition to their own case loads.

Morgan told Randall at the August 29 meeting that because she could not predict when she could return to work, and could

not suggest any other arrangement to cover her case load, he would recommend her termination without prejudice. To date, Randall has not been re-hired. No evidence was presented at trial, however, to indicate that positions later became available, that Randall applied for them, or that she was not selected for them. This action was brought solely to contest the termination recommended August 29, 1988.

## CONCLUSIONS OF LAW

 The County was not Randall's employer for purposes of Title VII. By state statute, JCAPD is not an agency of the County. TEX.CODE CRIM.PROC.ANN. Art. 42.131 (Vernon's 1989). Accordingly, Jefferson County cannot be liable under Title VII. Judgment shall be entered for the defendant Jefferson County and against the plaintiff Mary Randall.

JCAPD was Randall's employer within the meaning of Title VII. Accordingly, the court examines this claim on its merits.

The appropriate procedure for examining Title VII claims has been exhaustively described by hundreds of courts. To summarize briefly here, the plaintiff initially bears the burden of proof and persuasion. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The burden of persuasion remains on the plaintiff throughout the case. *Ward's Cove Packing v. Atonio*, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). If the plaintiff carries her burden and makes a *prima facie* showing she was in a protected class and was adversely affected, the burden of proof shifts to the employer. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The employer must then proffer a legitimate business reason for the adverse action. *Id.* If the employer does so, the burden of proof shifts back to the plaintiff, who must show the proffered reason is pretextual. *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988).

In this case, the plaintiff made her *prima facie* showing: She is black and she was terminated. The employer offered the business reason for her termination that she was medically unavailable, and had exhausted her allotted leave time. The plaintiff failed to show this reason was pretextual. The court finds Randall's termination was not based in any part on her race, and that JCAPD did not terminate Randall in violation of Title VII. Judgment shall be entered for the defendant Jefferson County Adult Probation Department and against the plaintiff Mary Randall.

## CONCLUSION

No violation of Title VII occurred in this case. The defendants shall submit a judgment.