OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


July 18, 2000

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. JC-0254

Re: Whether, under section 158.007 of the Local Government Code, a county may include community-supervision-and-corrections-department employees in an expanded civil-service system (RQ-0186-JC)

Dear Mr. Curry:

Under section 158.007 of the Local Government Code, a county whose population exceeds 800,000 that has created a civil-service system under chapter 158, subchapter A of that code may, if the voters approve, expand its civil-service system to "cover . . . the adult and juvenile probation officers and their assistants." TEX. LOC. GOV'T CODE ANN. § 158.007(a) (Vernon 1999). Judicial and attorney general opinions issued before section 158.007 was added to the Local Government Code conclude that adult-probation officers, who are currently known as community-supervision-and-corrections-department employees, *see generally* TEX. GOV'T CODE ANN. ch. 76 (Vernon 1998 & Supp. 2000) (entitled "Community Supervision and Corrections Departments"), are not county employees and may not be included in a civil-service system. *See id.* § 76.004(b) (Vernon 1998) (requiring community-supervision-and-corrections-department director to appoint officers and employees); *Shore v. Howard*, 414 F. Supp. 379, 390 (N.D. Tex. 1976); Tex. Att'y Gen. Op. Nos. H-672 (1975) at 1; H-619 (1975) at 2-3; *see also Randall v. Jefferson County*, 771 F. Supp. 173, 174 (E.D. Tex. 1991) (stating that county was not adult-probation officer's employer), *aff'd in part*, 966 F.2d 1449 (5th Cir. 1992); Tex. Att'y Gen. LO-97-090, at 1 (same). You ask whether, given the rationale of these judicial and attorney general opinions, a county may, consistently with section 158.007 of the Local Government Code, include in its civil-service system community-supervision-and-corrections-department employees. *See* Letter from Honorable Tim Curry, Tarrant County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Feb. 7, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. We conclude that it may not.

Your question leads us to assume that Tarrant County, which has a population over 800,000, *see* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION, General Population Characteristics: Texas 4 (1992) (population: 1,170,103), has implemented a civil-service system under chapter 158, subchapter A of the Local Government Code. You state that Tarrant County voters approved, in accordance with section 158.007, a ballot measure to expand the system. Request Letter, *supra*, at 2; *see* TEX. LOC. GOV'T CODE ANN. § 158.007 (Vernon 1999). Thus, you

continue, the voters "apparently" extended "the protection of the Tarrant County Civil Service Act to officers of the Tarrant County Community Supervision and Corrections Department." Request Letter, *supra*, at 2. Nevertheless, you question the legality of the extension. *Id.* at 1.

A county whose population exceeds 200,000 may establish a county civil-service system to govern matters relating to "all the employees of the county who are not" expressly exempted from the system by statute or by judicial decision. TEX. LOC. GOV'T CODE ANN. §§ 158.002, .003, .004 (Vernon 1999). If a civil-service system is created, the county commissioners court appoints a three-member civil-service commission, which regulates the terms of employment of county employees:

> Except as provided by Section 158.010, the commission shall adopt, publish, and enforce rules regarding:
>
> (1) the definition of a county employee;
>
> (2) selection and classification of county employees;
>
> (3) competitive examinations;
>
> (4) promotions, seniority, and tenure;
>
> (5) layoffs and dismissals;
>
> (6) disciplinary actions;
>
> (7) grievance procedures; and
>
> (8) other matters relating to the selection of county employees and the procedural and substantive rights, advancement, benefits, and working conditions of county employees.

*Id.* § 158.009(a). Section 158.010, cited in section 158.009(a), permits the head of a department included within the county's civil-service system to assume responsibility to select all department employees. *See id.* § 158.010(a).

Of those counties that have implemented a civil-service system, a county with a population greater than 800,000 may hold an election to determine whether to expand its system to include additional employees:

> In a county that has a population of more than 800,000 and a civil service system created under this subchapter, the qualified voters of the county, voting at an election called for that purpose, may determine whether the system will be dissolved or expanded to cover

> the employees, except licensed attorneys, of the office of district or criminal district attorney, the adult and juvenile probation officers and their assistants, personnel in the county auditor's office including all assistant county auditors, and all other employees of the county not included in the coverage of the system and not specifically exempted by Section 158.013 or Subchapter B.

*Id.* § 158.007(a). Section 158.001 defines an "employee" as

> a person who obtains a position by appointment and who is not authorized by statute to perform governmental functions involving an exercise of discretion in the person's own right, unless the person is included by a local civil service rule adopted under the procedures outlined in Section 158.009; or *a person included in the coverage of a county civil service system as the result of an election held under Section 158.007.* The term does not include a person who holds an office the term of which is limited by the constitution of this state.

*Id.* § 158.001(2) (emphasis added). A "department" is "a county, district, or precinct office or officer, agency, or board that has jurisdiction and control of the performance of employees' official duties." *Id.* § 158.001(3).

In general, jurisdiction of a community-supervision-and-corrections department (a "CSC department") is not with the county but with the local district court or courts. The legislature has placed "wholly within the state courts the responsibility for determining . . . the conditions of community supervision, and the supervision of defendants placed on community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 1 (Vernon Supp. 2000). In accordance with chapter 76 of the Government Code, the district judge or judges trying criminal cases in a judicial district establish a CSC department and employ "district personnel . . . to conduct presentence investigations, supervise and rehabilitate defendants placed on community supervision, enforce the conditions of community supervision, and staff community corrections facilities." TEX. GOV'T CODE ANN. § 76.002(a) (Vernon 1998); *see also id.* § 76.001(2) (defining "community supervision"). Because a CSC department generally serves all courts within a judicial district, it may serve more than one county. *See id.* § 76.002(c). *But see id.* § 76.002(d) (permitting Texas Board of Criminal Justice, in certain circumstances, to allow more than one CSC department to serve judicial district that includes more than one county). District judges appoint a director for the CSC department, who employs "a sufficient number of officers and other employees to perform the professional and clerical work of the department." *Id.* § 76.004.

A CSC department receives financial support both from the county or counties in the judicial district and from the district itself. A county's contribution to a CSC department includes "physical facilities, equipment, and utilities" for the department's use. *Id.* § 76.008(a) (Vernon 1998). The

district judge or judges may supplement the county's contribution from district funds in limited circumstances. *See id.* § 76.009(a).

The judicial district served by the CSC department or the department itself is responsible to provide employee compensation and benefits. The judicial districts served by a CSC department pay employee salaries. *See id.* § 76.006(b) (Vernon Supp. 2000). The CSC department contracts with a county served by the department to provide employee benefits. *See id.* § 76.006(a). CSC-department employees are governed by personnel policies and receive benefits "equal to" those received by county employees. *Id.*

Applying statutes regarding the establishment of a CSC department as well as a prior version of chapter 158, subchapter A, judicial and attorney general opinions have determined that CSC-department employees are not county employees and may not participate in a county's civil-service system. *See Randall,* 771 F. Supp. at 174; *Clark v. Tarrant County,* 608 F. Supp. 209, 214 (N.D. Tex. 1985), *aff'd in relevant part, rev'd in part,* 798 F.2d 736 (5th Cir. 1986); *Shore,* 414 F. Supp. at 390; Tex. Att'y Gen. Op. Nos. H-672 (1975) at 1; H-619 (1975) at 2; Tex. Att'y Gen. LO-97-090, at 1. According to Attorney General Opinion II-619, the district court's responsibility under article 42.12 of the Code of Criminal Procedure to supervise defendants who are placed on community supervision includes the authority to oversee the selection and dismissal of employees. *See* Tex. Att'y Gen. Op. No. H-619 (1975) at 3; *cf.* Tex. Att'y Gen. Op. No. DM-208 (1993) at 5 (concluding that, for purposes of anti-nepotism statutes, department director, not district judge, has authority to hire CSC-department personnel). This responsibility is inconsistent, according to Attorney General Opinion H-619, with a civil-service commission's authority to regulate the selection and dismissal of county employees. *See* Tex. Att'y Gen. Op. No. H-619 (1975) at 3; *see also* Tex. Att'y Gen. Op. No. H-672 (1975) at 1 ("the control exercised by district judges over adult probation [is] inconsistent with the authority of the Civil Service Commission concerning employees subject to the Act"); *cf.* TEX. LOC. GOV'T CODE ANN. § 158.009(a) (Vernon 1999) (authorizing civil-service commission to regulate selection and classification of, disciplinary actions against, and substantive rights and working conditions of county employees, among other things). In *Shore v. Howard* a federal district court agreed with attorney general opinions concluding that "the purposes of the probation statutes are inconsistent with the rules regarding employment and dismissal of employees adopted under the County Civil Service Act. The court's responsibility for the supervision of probationers includes these facets of employment and dismissal of probation officers." *Shore,* 414 F. Supp. at 390; *see* Tex. Att'y Gen. Op. Nos. H-672, H-619 (1975).

After, and perhaps as a result of, these opinions, the legislature amended the statutory predecessor to chapter 158 in 1985 to permit a county to expand its civil-service system to include those added under an expansion election, such as adult-probation officers. *See* Act of May 26, 1985, 69th Leg., R.S., ch. 713, 1985 Tex. Gen. Laws 2510, 2510-11. The 1985 enactment added the substance of what is now section 158.007(a), permitting an election to expand a civil-service system to include adult-probation officers, and amended the Act's definition of "employee" to encompass, as the definition continues to do, employees added in accordance with an expansion election. *See*

*id.* §§ 1, 2, 1985 Tex. Gen. Laws 2510, 2510-11. The issue you raise requires us to consider whether the 1985 legislation in fact superseded *Shore* and Attorney General Opinions H-672 and H-619.

In light of the statutes and opinions suggesting that CSC-department employees are not subject to county control, chapter 158, subchapter A gives mixed messages about whether a civil-service system may include employees other than those employed by the county. Section 158.007(a), together with section 158.001(2)'s definition of "employee," authorizes a county to expand its civil-service system, in accordance with a vote of the electorate, to include community-supervision-and-corrections-department employees. On the other hand, the purpose of a civil-service commission is to govern matters involving county employees only. *See* TEX. LOC. GOV'T CODE ANN. § 158.002 (Vernon 1999) (permitting county to create civil-service system "to include all the employees of the county"). The powers of a civil-service commission, enumerated in section 158.009(a), appear to be limited to regulation of county employees. The commission must, for example, define the term "county employee," *see id.* § 158.009(a)(1), and adopt regulations to standardize the selection and classification of "county employees," *see id.* § 158.009(a)(2).

Because a CSC-department employee is an employee of the district court, we conclude that a CSC-department employee is not subject to the jurisdiction of a civil-service commission and cannot be included within an expanded civil-service system. Statutes authorizing a county district to establish a CSC department have not been significantly amended with respect to the issue you raise since the issuance of the judicial and attorney general opinions we have discussed. *See Randall*, 771 F. Supp. at 174; *Clark*, 608 F. Supp. at 214; *Shore*, 414 F. Supp. at 390; Tex. Att'y Gen. Op. Nos. H-672 (1975) at 1; H-619 (1975) at 2; Tex. Att'y Gen. LO-97-090, at 1. Nor did anything in the 1985 legislation that purported to allow a county civil-service commission to include CSC-department employees in the civil-service system subtract from a district court's jurisdiction of the employees. The courts within the judicial district, because they oversee the department director, *see* Tex. Att'y Gen. Op. No. DM-208 (1993) at 5, continue to have complete authority over the CSC department: hiring and firing of employees, *see* TEX. GOV'T CODE ANN. art. 76.002(a) (Vernon 1998); contracts for employee benefits, *see id.* § 76.006(a) (Vernon Supp. 2000); and the payment of employee salaries, *see id.* § 76.006(b).

The rationale of *Shore* and the attorney general opinions cited consequently remains persuasive. As the *Shore* court indicated, "judicial independence in supervising probationers called for by the probation statutes requires" that the courts be financially and administratively independent of "other state governmental entities and regulations." *Shore*, 414 F. Supp. at 390; *accord* Tex. Att'y Gen. Op. No. H-619 (1975) at 3. District courts cannot control totally "the conditions of community supervision, and the supervision of defendants placed on community supervision," *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 1 (Vernon Supp. 2000), if employees must be hired, fired, or disciplined in accordance with the civil-service rules.

A civil-service commission's authority to define "a county employee," provided in 1989, did not increase a civil-service commission's authority to include in the county civil-service system persons who do not perform services for the county. *See* Act of May 22, 1989, 71st Leg., R.S., ch.

881, § 2, sec. 158.009(1), 1989 Tex. Gen. Laws 3879. This authority cannot encompass the authority to exercise jurisdiction of CSC-department employees, whose oversight and supervision lies solely with the state courts. *See* TEX. CODE CRIM. PROC. ANN. art. 41.12, § 1 (Vernon Supp. 2000). Nor does the fact that a CSC department is to contract for employee benefits with a county served by the department, *see* TEX. GOV'T CODE ANN. § 76.006(a) (Vernon Supp. 2000), make CSC-department employees county employees who may be subject to the county's civil-service system.

## S U M M A R Y

A county may not include employees of the community-services-and-corrections department in a civil-service system established under chapter 158 of the Local Government Code and expanded in accordance with section 158.007 of that Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee