# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40866

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2019

Lyle W. Cayce
Clerk

TROY W. SIMMONS, D.D.S.; TROY W. SIMMONS, D.D.S., P.C.,

       Plaintiffs - Appellants

v.

CHARLES SMITH, Executive Commissioner of the Texas Health and Human Services Commission, in His Official Capacity,

       Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-557

Before CLEMENT, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

    Appellants Troy W. Simmons, D.D.S., P.C. and Troy W. Simmons, D.D.S. (collectively, "Simmons") appeal the district court's grant of Appellee Charles Smith's motion to dismiss for lack of subject matter jurisdiction. We AFFIRM the district court's judgment.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40866

## I. Background

Simmons seeks the return of funds that the Texas Health and Human Services Commission ("HHSC")[1] Office of Inspector General ("OIG") withheld after it determined Simmons had received overpayments as a Medicaid services provider.

In October 2012, the OIG determined Simmons had committed Medicaid program violations and found a credible allegation of fraud. Several months later, the OIG sent Simmons a Notice of Potential Overpayment of over two million dollars. It also placed a hold on future payments reimbursing Simmons for Medicaid services rendered. Simmons contested the payment hold before the State Office of Administrative Hearings.

The OIG then sent Simmons a Final Notice of Overpayment. It thereafter moved to dismiss Simmons's payment hold action as moot, arguing that Simmons had not timely appealed the Final Notice of Overpayment. The Administrative Law Judge ("ALJ") presiding over the dispute denied the motion.

The OIG later applied the money subject to the payment hold toward Simmons's purported debt. It then lifted the payment hold. The ALJ cancelled a scheduled hearing on the payment hold based on the parties' agreement that there was no need for a hearing on the merits. The ALJ thus remanded the matter back to the HHSC.

Simmons then filed suit in district court, seeking "a permanent injunction that all funds that have been retained by [Smith] as a consequence of the payment hold be released and immediately forwarded to" Simmons. Smith moved to dismiss Simmons's claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted Smith's motion

---

[1] Smith is the Executive Commissioner of the HHSC.

No. 18-40866

with prejudice, concluding that it lacked subject matter jurisdiction because Smith was entitled to sovereign immunity under Eleventh Amendment principles.  This appeal followed.

## II.    Legal Standard

When a party moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the party asserting jurisdiction bears the burden of proof.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  We review the legal issues underpinning a district court's grant of a Rule 12(b)(1) motion to dismiss *de novo*.  *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 570 (5th Cir. 2001).

"The Eleventh Amendment bars private citizens from bringing suit against a state in federal court, unless the suit falls within" a narrow exception to the Eleventh Amendment.  *McKinley v. Abbott*, 643 F.3d 403, 405 (5th Cir. 2011).  "Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself."  *Id.* at 406 (holding that the Eleventh Amendment barred a suit against the Texas Attorney General in his official capacity).

## III.    Discussion

Smith is entitled to sovereign immunity from Simmons's claims, thus divesting the federal courts of jurisdiction.  *See Sissom v. Univ. of Tex. High Sch.*, 927 F.3d 343, 347 (5th Cir. 2019) (noting that the Eleventh Amendment "textually divests federal courts of jurisdiction over states").  Simmons sued Smith in his official capacity as Executive Commissioner of the HHSC, which is a state agency.  *See Cephus v. Tex. Health & Human Servs. Comm'n*, 146 F. Supp. 3d 818, 827 (S.D. Tex. 2015) ("HHSC, as a state agency, is entitled to the protections of sovereign immunity."); *see also* TEX. GOV'T CODE ANN. § 531.021(a) ("The [HHSC] is the *state agency* designated to administer federal

Medicaid funds." (emphasis added)).  Smith is thus immune from Simmons's claims unless Simmons can show that an exception to immunity applies.

Simmons argues that *Ex parte Young* creates an exception to sovereign immunity here because he seeks prospective injunctive relief for an ongoing violation of federal law.  *See Ex parte Young*, 209 U.S. 123 (1908).  But the challenged actions ended in 2014, when the OIG applied the withheld funds to Simmons's balance and lifted the payment hold.  Though Simmons frames his requested relief as injunctive and prospective, he essentially seeks money damages from the HHSC for its past actions.  "Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity . . . is barred . . . if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else."  *Papasan v. Allain*, 478 U.S. 265, 278 (1986); *see also Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 256–57 (2011) ("*Ex parte Young* cannot be used to obtain an injunction requiring the payment of funds from the State's treasury . . .").  *Ex parte Young* does not apply.

Simmons also claims that the *ultra vires* exception to sovereign immunity applies.  But "a state officer may be said to act *ultra vires* only when he acts 'without any authority whatever.'"  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984) (quoting *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 697 (1982)).  The OIG has statutory authority to "recoup from any person if it determines that the person . . . causes or receives an overpayment." 1 TEX. ADMIN. CODE § 371.1711(b)(5).  It may impose a payment hold if "a credible allegation of fraud exists."  *Id.* § 371.1709(a)(3).  If the OIG issues a sanction, that "sanction becomes final upon . . . expiration of 30 calendar days after service of the notice of final sanction if no request for appeal of imposition of the sanction is received" by that time.  *Id.* § 371.1617(a)(1).

4

Simmons does not plausibly argue that he timely appealed the Final Notice of Overpayment.  The OIG thus had statutory authority to apply the withheld funds to Simmons's balance and lift the payment hold.  Because the OIG had authority to undertake the challenged actions, Smith did not act *ultra vires*, even if Simmons disagrees with his actions.  *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 695 (1949) ("[W]e have . . . rejected the argument that official action is invalid if based on an incorrect decision as to law or fact, if the officer making the decision was empowered to do so.").  Smith is entitled to sovereign immunity; thus, the district court properly concluded the federal courts lack jurisdiction.

AFFIRMED.