IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40017

_____

TIMOTHY A AGUILAR; ET AL

                                        Plaintiffs

TIMOTHY A AGUILAR

                                        Plaintiff - Appellant

                        versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,
Company Departments, UNIDENTIFIED WOODS, Sergeant, Coffield Unit;
UNIDENTIFIED WILBANKS, Sergeant, Coffield Unit

                                        Defendants-Appellees

_____

Appeals from the United States District Court
for the Eastern District of Texas

_____

November 13, 1998

Before KING, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

    Aguilar and several other Texas state prisoners filed a § 1983
action complaining that prison officials denied them access to the
courts, placed them in punitive segregation, confiscated their
personal and legal property, and falsely accused them of being
prison gang leaders as an excuse for violating their civil rights.
The prisoners maintained that these actions resulted from the
prison officials' discrimination against Hispanics.  The district

court dismissed with prejudice all of Aguilar's complaints, reasoning that the claims were barred by the Eleventh Amendment. We AFFIRM.

I.

First, Aguilar contends that the magistrate judge erred by denying him leave to amend his complaint. Prior to any defendant filing an answer to the original complaint, Aguilar filed a motion to amend his complaint. The magistrate judge denied the motion. The magistrate noted that Aguilar's co-plaintiffs, who were not mentioned in the proposed amended complaint, had not signed the proposed amended complaint and that the new complaint included only claims relating to Aguilar. The magistrate judge also pointed out that the proposed amended complaint sought to add six new defendants who had little connection with the events in the original complaint and to add new claims concerning incidents that occurred after the original complaint was filed. The magistrate concluded that adding new defendants and claims that had nothing to do with the original complaint would be inefficient and possibly confusing. He also determined that it would be unfair to the other plaintiffs to allow Aguilar to effectively drop their claims by amending the complaint to allow only his claims.

Aguilar maintains that he did not attempt to have the other plaintiffs join the amendment because he was under the impression that the district court had entered an order stating that it would not accept any filings from the other plaintiffs. In fact, the district court had entered such an order: the court would not accept any of the co-plaintiffs' filings, other than a motion for extension of time, until they complied with the court's requirement that they provide the appropriate *in forma pauperis* material.

A court's denial of leave to amend a complaint is usually reviewed for abuse of discretion. *See Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993). However, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." FED. R. CIV. P. 15(a). This rule implies that the court has no discretion to deny such an amendment. *See Vernell for and on Behalf of Vernell v. United States Postal Serv.*, 819 F.2d 108, 110 (5th Cir. 1987), *overruled on other grounds, McGuire v. Turnbo*, 137 F.3d 321 (5th Cir. 1998).

No cases in this circuit have addressed directly whether a court has any discretion to deny a party's right to amend the complaint before the filing of a responsive pleading because signatures of co-plaintiffs were not present. While under normal circumstances a plaintiff would have an absolute right to amend his complaint before the filing of a responsive pleading, these circumstances are not normal. In this case, Aguilar's co-

3

plaintiffs did not join in the motion to amend.  The original complaint belonged to these plaintiffs as well as to Aguilar; allowing Aguilar to amend the complaint without any indication that the other plaintiffs agreed to the motion could have prejudiced their action.  Thus, the magistrate did not abuse his discretion by refusing Aguilar's motion to amend.

## II.

The district court did not err in finding that the Eleventh Amendment bars Aguilar's claims.  The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983.  *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n.9 (5th Cir. 1991).  Section 1983 does not waive the states' sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979), and Texas has not consented to this suit.  *See Emory v. Texas State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984).

The Eleventh Amendment also bars a suit against a state official when "the state is a real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984)(citations omitted).  Thus,

> [t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.  And, as when the State itself is named as the defendant, a suit

4

> against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.

*Id.* (citations omitted).

In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity. The Court held that enforcement of an unconstitutional law is not an official act because a state can not confer authority on its officers to violate the Constitution or federal law. *See American Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 920-21 (5th Cir. 1993). To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. *See Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).

Aguilar argues on appeal that Texas is not the real substantial party in interest in his suit; rather, his claims for injunctive relief are against the state officials who implemented the alleged unconstitutional Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") policies. Aguilar's original petition demonstrates, however, that he sued TDCJ-ID itself for injunctive relief, not any state official in his or her individual capacity as an agent of the state. And, as an instrumentality of

5

the state, TDCJ-ID is immune from Aguilar's suit on Eleventh Amendment grounds.  *See Farias*, 925 F.2d at 875 n.9.

## III.

For the foregoing reasons, we AFFIRM the order of dismissal.