# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2018

Lyle W. Cayce
Clerk

No. 17-20361

UNITED STATES OIL RECOVERY SITE POTENTIALLY RESPONSIBLE
PARTIES GROUP,

      Plaintiff - Appellee

v.

RAILROAD COMMISSION OF TEXAS; STEPHEN F. AUSTIN STATE
UNIVERSITY; TEXAS A&M UNIVERSITY; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE; TEXAS DEPARTMENT OF TRANSPORTATION;
TEXAS GENERAL LAND OFFICE; TEXAS SOUTHERN UNIVERSITY;
TEXAS STATE UNIVERSITY SYSTEM; UNIVERSITY OF HOUSTON; THE
UNIVERSITY OF TEXAS SYSTEM,

      Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Texas

Before CLEMENT, HIGGINSON, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

When the states ratified the Constitution, they did not abrogate their sovereignty, but instead created a federal government of limited, enumerated powers. As the Supreme Court has observed, "the founding document 'specifically recognizes the States as sovereign entities.'" *Alden v. Maine*, 527 U.S. 706, 713 (1999) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 71 n.15 (1996)). "Any doubt regarding the constitutional role of the States as

No. 17-20361

sovereign entities is removed by the Tenth Amendment"—reserving those powers not delegated to the federal government to the states in their sovereign capacity, or to the people. *Id.* The Eleventh Amendment similarly "confirm[s] . . . sovereign immunity as a constitutional principle." *Id.* at 728–29. So our Constitution preserves the preexisting immunity of the states from suit. *See Hans v. Louisiana*, 134 U.S. 1, 16 (1890) ("The suability of a State, without its consent, was a thing unknown to the law. This has been so often laid down and acknowledged by courts and jurists that it is hardly necessary to be formally asserted.").

Because the district court failed to heed these fundamental principles, we reverse and remand.

## I.

Plaintiff-Appellee United States Oil Recovery Potentially Responsible Parties Group ("PRP Group") is an association of over 100 entities cooperating with the Environmental Protection Agency to pay the costs associated with cleanup of a superfund site in Pasadena, Texas. As part of this action, PRP Group sued nearly 1,200 parties they believe should be responsible for part of the environmental remediation costs—including appellants here: the Railroad Commission of Texas, the Texas Department of Criminal Justice, the Texas Department of Transportation, the Texas General Land Office, Stephen F. Austin State University, Texas A&M University, Texas Southern University, the University of Houston, the Texas State University System, and the University of Texas System. PRP Group asserts claims under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 *et seq.*, and its state law counterpart, the Texas Solid Waste Disposal Act (TSWDA), Tex. Health & Safety Code § 361.001 *et seq.*

No. 17-20361

The state agency and university defendants filed a motion to dismiss in the district court under Federal Rule of Civil Procedure 12(b)(1), contending that they were immune from suit in federal court because of state sovereign immunity. The district court erroneously denied the 12(b)(1) motion under Rule 12(b)(6) without analysis. It subsequently corrected its order to deny the motion under Rule 12(b)(1)—but did so again without analysis. This appeal followed.

## II.

"Whether state defendants are entitled to sovereign immunity is a question of law, reviewed *de novo* on appeal." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). While we review legal conclusions de novo, the district court's "factual findings are reviewed for clear error." *Kuwait Pearls Catering Co. v. Kellogg Brown & Root Servs., Inc.*, 853 F.3d 173, 178 (5th Cir. 2017). "Though there is no final judgment in this case, the collateral order doctrine provides jurisdiction to hear an interlocutory appeal of an order denying a claim of Eleventh Amendment immunity." *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 768 (5th Cir. 2015).

State sovereign immunity "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). While state sovereign immunity is sometimes described as "Eleventh Amendment immunity," "the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden*, 527 U.S. at 713. "[A]s the Constitution's structure, its history, and the authoritative interpretations by [the Supreme] Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of

No. 17-20361

the Convention or certain constitutional Amendments." *Id.* State sovereign immunity protects not only states from suit in federal court, but also "arms of the state." *Richardson v. S. Univ.*, 118 F.3d 450, 452–54 (5th Cir. 1997) (state sovereign immunity "bars suits in federal court by citizens of a state against their own state or a state agency or department").

## III.

As the parties agree, CERCLA does not abrogate state sovereign immunity. *See Seminole Tribe*, 517 U.S. at 72–73 (legislation promulgated under Article I of the Constitution, like CERCLA, "cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction" by state sovereign immunity). Thus, whether the state agencies and universities are entitled to sovereign immunity turns in large part on whether they are arms of the state.

We have previously held that many of the state agencies at issue in this appeal are entitled to sovereign immunity as arms of the state. *See, e.g.*, *Neinast v. Texas*, 217 F.3d 275, 279–82 (5th Cir. 2000) (state sovereign immunity bars suits against the Texas Department of Transportation); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (state sovereign immunity bars suits against Texas Department of Criminal Justice); *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro*, 21 F.3d 667, 671–73 (5th Cir. 1994) (commissioner of Texas General Land Office sued for retroactive relief in his official capacity entitled to sovereign immunity).

So too for the universities. *See, e.g.*, *United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 556–61 (5th Cir. 1982) (Stephen F. Austin State University entitled to sovereign immunity); *Gay Student Servs. v. Tex. A&M Univ.*, 737 F.2d 1317, 1333–34 (5th Cir. 1984) (state sovereign immunity bars damages award against Texas A&M University). *See also Lewis v. Midwestern State Univ.*, 837 F.2d 197, 198–99

4

(5th Cir. 1988) (Midwestern State University entitled to sovereign immunity); *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Texas Tech, as a state institution, clearly enjoys Eleventh Amendment immunity."); *United States v. Tex. Tech Univ.*, 171 F.3d 279, 289 n.14 (5th Cir. 1999) (same).  We have likewise held that state sovereign immunity applies to other universities implicated in this appeal in unpublished decisions, including the University of Houston, the University of Texas System, Texas State University, and Texas Southern University.  *Harrell v. Univ. of Hous. Police Dep't*, 44 F.3d 1004 (5th Cir. 1995); *Olivier v. Univ. of Tex. Sys.*, 988 F.2d 1209 (5th Cir. 1993); *Bach v. Tex. State Univ.*, 614 F. App'x 789, 790–91 (5th Cir. 2015); *U.S. ex rel. Mittal v. Tex. S. Univ.*, 205 F.3d 1337 (5th Cir. 1999).  Under our precedent, the universities and agencies at issue here are arms of the state.

Even if this question were not answered by our precedent, we would have little trouble concluding that the agencies and universities at issue here are arms of the state under the test set out in *Clark v. Tarrant County*, 798 F.2d 736, 744–45 (5th Cir. 1986).  *See also Williams v. Dall. Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001).  Each of the agencies at issue is a state agency under state law.  Tex. Gov't Code § 325.002(1) (defining "State agency"); Tex. Nat. Res. Code § 81.01001(a) (Railroad Commission a state agency); Tex. Gov't Code § 492.012 (Texas Department of Criminal Justice a state agency); Tex. Transp. Code § 201.204 (Texas Department of Transportation a state agency); Tex. Const. art. IV, § 1; *id.* art. XIV, § 1 (Texas General Land Office is State's sole agent for registering land titles).  Each is included in the state budget and is substantially funded by the state treasury's general revenue,

lacks local autonomy, has statewide regulatory power, and is subject to oversight by state officials.  The same is true of the universities.[1]

PRP Group seeks to avoid this straightforward conclusion with two arguments unsupported by our precedent.  First, PRP Group contends that sovereign immunity does not protect an arm of the state when it engages in "proprietary functions," citing *Arroyo Otero v. Hernandez Purcell*, 804 F. Supp. 418 (D.P.R. 1992).  We have never held that an arm of the state is able to assert sovereign immunity as to some claims but not others, and decline to do so here.  *See Clark*, 798 F.2d at 744 ("we 'must examine the particular entity in question and its powers and characteristics as created by state law'").  *See also Maliandi v. Montclair State Univ.*, 845 F.3d 77, 92–93 (3d Cir. 2016) (state sovereign immunity "contemplate[s] judicial determinations of Eleventh Amendment status for entities, not for claims"); *Lujan v. Regents of Univ. of Cal.*, 69 F.3d 1511, 1522 (10th Cir. 1995) (rejecting argument "that sovereign immunity does not apply . . . because the Regents acted tortiously and in a proprietary capacity in a commercial endeavor outside the sovereign territory of California").

Second, PRP Group contends that the Texas Commission on Environmental Quality has waived sovereign immunity by participating in CERCLA cleanup with the EPA at the Pasadena superfund site.  But an arm of the state waives state sovereign immunity only if it "voluntarily invokes federal court jurisdiction, or . . . makes a 'clear declaration' that it intends to

---

[1] PRP Group seeks to take the agencies and universities to task for failing to cite *Clark* in the district court, and contends that failure means they cannot argue that *Clark* is satisfied here.  Not so.  Before the district court, PRP Group expressly declined to contest that the agencies and universities here were arms of the state.  Rather, PRP Group "assumed" they were arms of the state.  And the agencies and universities asserted their state sovereign immunity defense in the district court from the outset.  The agencies and universities have not waived this argument, nor are they precluded from citing state statutes and cases to support it.

submit itself to federal court jurisdiction." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005) (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999)). A clear declaration that an arm of the state intends to submit itself to federal jurisdiction must "be unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). "Such authority cannot be implied from the circumstances." *Magnolia Venture Capital Corp. v. Prudential Sec., Inc.*, 151 F.3d 439, 445 (5th Cir. 1998). No clear declaration exists here, nor does PRP Group seriously contend one exists.[2]

In sum, we conclude that the agencies and universities are entitled to state sovereign immunity. PRP Group's arguments to the contrary are unavailing. The district court erred when it concluded that state sovereign immunity did not bar PRP Group's CERCLA claims.

IV.

We likewise reverse as to PRP Group's state law claims. PRP Group contends that, because the TSWDA waives Texas's sovereign immunity in Texas state court, the federal district court could properly exercise supplemental jurisdiction over these claims. Yet a district court may only exercise supplemental jurisdiction over pendent state law claims under 28 U.S.C. § 1367 where it has original jurisdiction over the federal law claims at issue. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 222 (5th Cir. 2012) ("Without original jurisdiction on the federal claim, the court cannot assert jurisdiction over state-law claims."); *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999)

---

[2] PRP Group's citation of *Bergmann v. Michigan State Transportation Commission*, 665 F.3d 681 (6th Cir. 2011), is inapposite. As the state points out, the Sixth Circuit declined to grant state sovereign immunity there only after the agency abandoned its immunity argument in the initial proceedings, agreed to a consent decree in federal court, and abided by that decree for over ten years until a change in law gave it grounds to mount a challenge. *Id.* at 682–83.

No. 17-20361

("The federal courts of appeals . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims."); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) ("[S]ince a court must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims.").

Because the district court erred when it concluded that state sovereign immunity did not bar PRP Group's claims against the agencies and universities, the district court lacked jurisdiction in the first instance. Therefore, it cannot assert supplemental jurisdiction over PRP Group's state law claims.

V.

The district court's order denying the agencies and universities' Rule 12(b)(1) motion to dismiss is reversed. The case is remanded with instructions for the district court to dismiss the agencies and universities from the case.