# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50515
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 20, 2019
Lyle W. Cayce
Clerk

IRMA ROSAS,

      Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS AT SAN ANTONIO, also known as UTSA;
UNIVERSITY OF TEXAS AT AUSTIN, also known as UT,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 5:18-CV-536

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

    Proceeding pro se and in forma pauperis, Appellant Irma Rosas appeals the district court's dismissal of her Title VI, VII, and VIII and 42 U.S.C. §§ 1983, 1985, and 1986 claims with prejudice. We AFFIRM the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50515

## I.     Background

In June of 2018,[1] Rosas filed a complaint against the University of Texas at San Antonio ("UTSA"), alleging that it "discriminated against her because she identified as Chicana" in violation of 42 U.S.C. §§ 1983, 1985, and 1986. Pursuant to 28 U.S.C. § 1915(e), a magistrate judge screened the complaint for frivolousness and ordered Rosas to file a more definite statement of her claims. Rosas filed an amended complaint against UTSA and the University of Texas at Austin ("UT"), alleging violations of Titles VI and VIII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1983, 1985, and 1986.

UTSA moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Under Rule 12(b)(1), UTSA argued that the district court lacked subject matter jurisdiction over the §§ 1983, 1985, and 1986 claims because UTSA was entitled to sovereign immunity.  Under Rule 12(b)(6), UTSA argued that Rosas failed to state §§ 1983, 1985, and 1986 claims because the statute of limitations had run.  Additionally, UTSA contended that Rosas failed to allege facts sufficient to support any of her claims.  Rosas did not respond to UTSA's motion to dismiss.

The magistrate judge reviewed UTSA's motion to dismiss and recommended that the district court grant the motion.  Rosas objected to the magistrate judge's recommendations and moved to return the case to district court, arguing that her Title VI claim was not subject to sovereign immunity. UTSA responded, again arguing that Rosas's claims were barred by sovereign immunity and the statute of limitations.  In her reply to the motion ("Reply"), she claimed that she "suffered from mental illness" and could provide, at the

---

[1] Rosas's first filings in the district court were on May 31, 2018, but her complaint was filed on June 13, 2018.

court's request, "documentary evidence to [that] effect" to toll the statute of limitations.

The district court independently reviewed the motions before it. It liberally construed Rosas's pro se complaint, which claimed a cause of action under Title VIII of the Civil Rights Act of 1964, as instead alleging claims under Title VII of the Civil Rights Act of 1964 and Title VIII of the Civil Rights Act of 1968. The district court granted UTSA's motion to dismiss, finding that (1) it lacked subject matter jurisdiction over Rosas's Title VIII and §§ 1983, 1985, and 1986 claims because those claims were barred by state sovereign immunity, and (2) Rosas failed to state viable Title VI and VII claims because they were, on their face, barred by the statute of limitations.[2]    The district court did not address Rosas's Reply.

Additionally, the district court sua sponte dismissed Rosas's claims against UT. Pursuant to Federal Rule of Civil Procedure 12(h)(3), the court held that it lacked subject matter jurisdiction over Rosas's Title VIII and §§ 1983, 1985, and 1986 claims against UT because UT had sovereign immunity. The court dismissed Rosas's Title VI and VII claims against UT under 28 U.S.C. § 1915(e)(2)(B)(ii) because Rosas made "no allegations concerning any discrimination against her undertaken by UT." Thus, the district court dismissed all of Rosas's claims with prejudice. Rosas timely appealed.

## II.    Jurisdiction

For those claims not barred by sovereign immunity, the district court had federal question jurisdiction under 28 U.S.C. § 1331. This court has jurisdiction over the appeal under 28 U.S.C. § 1291. Additionally, we always

---

[2]    The district court also denied Rosas's motion to return as moot because "[t]he substance of the case was never properly before the Magistrate Judge." Thus, the issues raised about the magistrate judge's recommendations are irrelevant here.

have "jurisdiction to determine jurisdiction." *Cargill Ferrous Int'l. v. SEA PHOENIX MV*, 325 F.3d 695, 704 (5th Cir. 2003).

## III.     Discussion

Rosas appeals the district court's dismissal of (1) her Title VI and VII claims against UTSA under the statute of limitations; (2) her Title VIII and §§ 1983, 1985, and 1986 claims against UTSA and UT under sovereign immunity; and (3) her Title VI and VII claims against UT for failure to state a claim.

### A.     Statute of Limitations

Rosas does not contest the accrual dates for her Title VI and Title VII claims, which the district court determined began on September 26, 2012, at the latest. Thus, absent an exception or a tolling period, her claims are facially barred by the statute of limitations, given her filing almost six years after the statute ran. Rosas alleges that her claims should be equitably tolled under Texas Civil Practice and Remedies Code § 16.001 and that the district court "suppress[ed] . . . information" in her Reply, where she claimed to have documentary evidence of mental illness that could toll the statute of limitations. We liberally construe Rosas's brief as arguing that the district court erred by not allowing her to amend her complaint when she filed her Reply. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (per curiam) (stating that "pro se briefs are afforded liberal construction"); *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979) (holding "that the district judge should have treated the [objections to a magistrate's report] . . . , however denominated, as an amendment to [the plaintiff's] complaint or an addition in the nature of an amendment").

We review the district court's dismissal of a complaint without granting leave to amend for abuse of discretion. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). "Generally, . . . a *pro se* litigant should be

offered an opportunity to amend his complaint before it is dismissed." *Id.* at 767–68. However, a district court acts within its discretion when it dismisses a futile motion to amend. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "[A]n amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*

Rosas alleges only that she was mentally incapacitated beginning in January 2014 and thus could not file a complaint by September 26, 2014.[3] Section 16.001 applies only to Rosas's Title VI claim because the state statute of limitations provisions does not apply to Title VII claims. We "borrow" the relevant state statute of limitations for statutes that do not set forth a limitations period and where the claim in question was not "made possible by" a post-1990 Congressional enactment. *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1521–22 (5th Cir. 1993); *cf. Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (explaining that 28 U.S.C. § 1658, a four-year statute, applies to claims "made possible by" a post-1990 amendment). "In applying the forum state's statute of limitations," we also give effect to the state's tolling provisions. *See Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). Although Title VI does not set forth a limitations period and the claim in question was not "made possible by" a post-1990 Congressional enactment, *see Frazier*, 980 F.2d at 1521, Title VII does set forth express deadlines that were not met in this case. 42 U.S.C. § 2000e-5(e)(1). "A plaintiff may bring a claim for discrimination under Title VII only if she has filed a claim with the [Equal Employment Opportunity Commission ("EEOC")] within 180 days of the

---

[3] Rosas alleges that the two-year statute of limitations ran until September 12, 2014. However, the district court concluded that Rosas had until September 26, 2014, to file her Title VI claim and until December 25, 2012, to file a charge of discrimination with the Equal Employment Opportunity Commission related to her Title VII claim. Liberally construing Rosas's brief, we conclude that Rosas meant the September 26 date. These two weeks would not affect the outcome here, in any event.

alleged unlawful act, or within 300 days if the plaintiff first filed a complaint with a state or local agency." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009). The plaintiff then has 90 days to bring a civil action in court following the receipt of a "right to sue" notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1).[4] Rosas did not file a claim with the EEOC, state, or local agency. Thus, her Title VII claim is untimely.

Moreover, Section 16.001 tolls the limitations period only "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(b). "A disability that arises after a limitations period starts does not suspend the running of the period." *Id.* § 16.001(d). Thus, we have held that a plaintiff's suit was barred by the statute of limitations where the plaintiff became a person of unsound mind after the limitations period began. *Roman v. A.H. Robins Co.*, 518 F.2d 970, 972 (5th Cir. 1975) (per curiam).[5] Similarly, Rosas's Title VI claim cannot be tolled under § 16.001 because her alleged disability did not begin until after the limitations period started. We hold that the district court did not abuse its discretion in denying Rosas an opportunity to

---

[4] The Supreme Court recently ruled that these deadlines are not jurisdictional, so they can be waived. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1850–51 (2019). UTSA raised a statute of limitations argument to all claims in its motion to dismiss. Rosas's complaint had not explicitly raised a Title VII claim, but the district court chose to liberally construe her complaint as raising a Title VII claim when issuing its decision. Thus, it also addressed UTSA's limitations defense as applied to Rosas's Title VII claim, analyzing Rosas's failure to timely (or at all) file a claim with the EEOC. On appeal, UTSA continued to argue that the statute of limitations barred Rosas's Title VII claim because she failed to file a claim with the EEOC. *Cf. United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (holding that arguments not raised on appeal are waived). Thus, UTSA did not waive this issue, and Rosas does not argue otherwise.

[5] TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 succeeded TEX. REV. CIV. STAT. ANN. art. 5535, the statute of limitations provision at issue in *Roman*. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). In replacing art. 5535 with § 16.001, the state legislature only "delete[d] imprisonment as a disability in regard to the running of limitations" and did not amend how a disability may toll the limitations period. *Id.*

No. 19-50515

amend her complaint with documentary evidence of mental illness.  We also affirm the determination that these claims are barred by the statute of limitations.

## B.　Sovereign Immunity

Rosas also argues that her Title VIII and §§ 1983, 1985, and 1986 claims against UTSA and UT are not barred by sovereign immunity.  We review a district court's dismissal for lack of subject matter jurisdiction de novo.  *Raj v. La. State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013).

Congress may abrogate state sovereign immunity for conduct that actually violates the Fourteenth Amendment.[6]  *United States v. Georgia*, 546 U.S. 151, 158–59 (2006); *see also Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).  Congress did not abrogate state sovereign immunity for Title VIII or §§ 1983, 1985, or 1986 claims. *McCardell v. U.S. Dep't of Hous. and Urban Dev.*, 794 F.3d 510, 522 (5th Cir. 2015) (holding that Congress did not abrogate state sovereign immunity from suits brought under Title VIII); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (per curiam) (holding that Congress did not abrogate state sovereign immunity from suits brought under §§ 1983, 1985, and 1986).

Although Rosas points to *Fisher v. University of Texas at Austin*, 570 U.S. 297 (2013), and *Fisher v. University of Texas at Austin*, 136 S. Ct. 2198 (2016), as support that her claims are not barred by sovereign immunity, her reliance on the *Fisher* cases is misplaced.  UT did not raise sovereign immunity as a

---

[6] As Texas agencies, UTSA and UT are entitled to sovereign immunity.  *See U.S. Oil Recovery Site Potential Responsible Parties Grp. v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501–02 (5th Cir. 2018).  In addition to Congress abrogating sovereign immunity, states may also waive it.  *See Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).  However, neither UTSA nor UT has waived immunity, and Rosas does not claim that they have.

defense in the *Fisher* cases, and the Supreme Court did not address this issue.[7] *See* Adam D. Chandler, *How (Not) To Bring an Affirmative-Action Challenge*, 122 YALE L.J. ONLINE 85, 91–92 (2012). We hold that Rosas's Title VIII and §§ 1983, 1985, and 1986 claims against UTSA and UT are barred by sovereign immunity, and we affirm the district court's dismissal of those claims.

## C.    Claims Against UT

Rosas contests the district court's finding that she "ma[de] no allegations concerning any discrimination against her undertaken by UT[.]" She states that UT contacted UTSA after receiving complaints about her and that UTSA then used that information against her. Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss [a] case at any time if [it] determines that the action or appeal fails to state a claim on which relief may be granted[.]" Applying the same standard as that under Federal Rule of Civil Procedure 12(b)(6), we review the dismissal de novo and will uphold a dismissal if, "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (per curiam).

To state a claim under Title VI or Title VII, a plaintiff must prove that the defendant acted in an intentionally discriminatory manner. *Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 397 (5th Cir. 1996) (stating that "a Title VI plaintiff must prove discriminatory intent"); *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) (stating that a Title VII plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim"). Rosas did not allege any facts showing that UT's actions were motivated by discrimination. Even if she had, her Title VI and

---

[7] Nevertheless, the Supreme Court inarguably had subject matter jurisdiction over Fisher's Title VI claim against UT. *See* Adam D. Chandler, *How (Not) To Bring an Affirmative-Action Challenge*, 122 YALE L.J. ONLINE 85, 92 (2012).

VII claims against UT would be barred by the statute of limitations as discussed above. *See LLEH, Inc. v. Wichita Cty.*, 289 F.3d 358, 364 (5th Cir. 2002) ("We may affirm for reasons other than those relied upon by the district court.") (brackets omitted).  Thus, the district court did not err in dismissing Rosas's Title VI and VII claims against UT.

## IV.    Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of Rosas's claims with prejudice.