# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2026

Lyle W. Cayce
Clerk

No. 25-20244

John Gannon, Incorporated,

*Plaintiff—Appellant*,

*versus*

Texas Department of Transportation; Texas Transportation Commission; Marc D. Williams,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3190

Before Haynes, Higginson, and Ho, *Circuit Judges*.*

Stephen A. Higginson, *Circuit Judge*:

John Gannon, Inc. (Gannon), owned multiple billboards regulated by the Texas Department of Transportation (TxDOT). Following Gannon's alleged noncompliance with state billboard regulations, TxDOT sought to cancel four of Gannon's billboard permits. Gannon petitioned for an administrative hearing and, subsequently, pursued an appeal in state court.

---

* Judge Haynes concurs in judgment only.

No. 25-20244

Gannon also filed this action under 42 U.S.C. § 1983 against TxDOT, the Texas Transportation Commission (TTC), and Marc D. Williams in his official capacity as Executive Director of TxDOT. The district court concluded that sovereign immunity barred three of Gannon's five claims and that res judicata barred the remaining two. On appeal, Gannon argues that the district court erred on both counts. We conclude that we lack jurisdiction over any of Gannon's claims and, accordingly, that Gannon's claims should be dismissed without prejudice. We therefore MODIFY the judgment to be without prejudice, and AFFIRM as MODIFIED.

## I.

Since the 1970s, Texas has regulated the erection and maintenance of billboards. *See* Tex. Transp. Code § 391.002; *see also* 43 Tex. Admin. Code § 21.141, *et seq.* To operate a billboard, commercial sign owners must first obtain a license from the TTC—TxDOT's governing body. Tex. Transp. Code §§ 201.201, 391.062. Once they are licensed, the sign owners must receive a permit for each billboard they operate. *Id.* § 301.068(a). TxDOT may rescind erroneously issued permits or permits for billboards that fall out of compliance with state requirements. 43 Tex. Admin. Code § 21.174(a)(1), (b). TxDOT may also impose daily administrative penalties up to $1,000 for each violation. *Id.* § 21.191. But TxDOT regulations outline a notice, hearing, and administrative appeals procedure for permit cancellation and associated administrative penalties. *See id.* §§ 21.174(d), (f), (g), 1.36(a), 1.37(a). And the Texas Administrative Procedure Act (Texas APA) provides a path for judicial review of adverse administrative decisions, so long as the petitioner files no later than thirty days after a final TTC decision. *See* Tex. Gov't Code § 2001.176(a).

In 2018 and 2019, TxDOT sent Gannon notices of permit cancellations for four billboards. Gannon sought an administrative hearing to

contest the permit cancellations. During the pendency of the administrative action, TxDOT took two pertinent actions. First, it sent Gannon notices of administrative penalties for each of the billboards. Second, it dismissed its claims for cancellation of all but one permit—that for a billboard in Montgomery County, Texas (Montgomery billboard). In a proposed decision, the TxDOT administrative law judge (ALJ) determined that the Montgomery billboard permit should be cancelled and that Gannon was liable for $235,000 in penalties for violations relating to the three other permits. On appeal, the TTC adopted the ALJ's decision. Gannon sought judicial review in a state court proceeding against TxDOT.

Gannon, however, faced a fatal problem: the company filed its petition for review of the TTC decision forty-seven days after the TTC order became final and appealable. The state district court dismissed the case for want of jurisdiction. The state appeals court affirmed, concluding that the Texas APA's thirty-day deadline was jurisdictional in suits filed against governmental entities. The Supreme Court of Texas denied Gannon's petition for review.

Before Gannon's state appeal became final, Gannon had separately filed this federal case against TxDOT, the TTC, and Executive Director Williams (Defendants). Gannon levied five claims about the administrative penalties, purportedly under 42 U.S.C. § 1983, arguing that: (1) Texas law did not permit administrative penalties; (2) the penalties were impermissible because the permit cancellations "were abated" under Texas's administrative code; (3) the penalties were themselves abated under a different provision of Texas code; (4) the federal doctrine of constitutional tolling prohibited the imposition of administrative penalties; and (5) the threat of administrative penalties constituted a prohibited prior restraint in violation of the First Amendment. Gannon sought an order "holding that TxDOT and the [TTC] are not authorized to impose any administrative

penalties" on Gannon, damages, and costs and attorneys' fees under 42 U.S.C. § 1988(b), as well as declaratory relief under Texas Gov't Code § 2001.038.

Following initial motion to dismiss briefing, the case was largely paused in federal court for three years as Gannon's appeal made its way through the state court system. Once the district court lifted the stay, Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The district court granted Defendants' motion. The district court determined that Gannon's claims against the two state agencies were barred, and that it lacked subject matter jurisdiction over Gannon's state law claims and separate request for declaratory relief against Executive Director Williams under *Ex parte Young*, 209 U.S. 123 (1908). Although the court determined it had jurisdiction over Gannon's constitutional tolling and First Amendment claims and requests for declaratory and injunctive relief against Executive Director Williams, it concluded that they were barred by res judicata. It dismissed the first three claims without prejudice and the latter two with prejudice, entering final judgment in favor of Defendants and declining to exercise supplemental jurisdiction over the state law claims.

## II.

We review a district court's dismissal under either Rule 12(b)(1) or Rule 12(b)(6) *de novo*. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). We address a district court's decision declining to exercise supplemental jurisdiction for abuse of discretion. *See Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 242 (5th Cir. 2022).

No. 25-20244

III.

"A State's immunity from suit is a 'fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today.'" *Galette v. New Jersey Transit Corp.*, 146 S. Ct. 854, 865 (2026) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)). State sovereign immunity bars a suit against a state in federal court unless the state consents to suit or Congress has abrogated the state's sovereign immunity. *United States Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Texas* (*Railroad Commission*), 898 F.3d 497, 501 (5th Cir. 2018). Since sovereign immunity deprives federal courts of jurisdiction, claims barred by sovereign immunity are properly dismissed under Rule 12(b)(1). *See Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

Sovereign immunity is a doctrine with many contours. Relevant here, it "protects not only states from suit in federal court, but also 'arms of the state.'" *Railroad Commission*, 898 F.3d at 501. It likewise bars suits against state officials sued in their official capacities, since such suits are functionally "against the state itself." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011). However, the latter rule is subject to exception under *Ex parte Young*—a "legal fiction that allows private parties to bring suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (cleaned up).

The district court found that TxDOT and the TTC are arms of the state and thus cannot be sued in federal court.[1] It separately concluded that,

---

[1] Our court has only concluded that TxDOT, not TTC, is an arm of the state. *See Railroad Commission*, 898 F.3d at 507; *see also Neinast v. Texas*, 217 F.3d 275, 279–82 (5th Cir. 2000) (state sovereign immunity bars suits against the Texas Department of Transportation). Since Gannon makes no argument that TTC is not an arm of the state, we

5

although the suit could proceed against Executive Director Williams under *Ex parte Young*, only two of Gannon's claims were viable under that doctrine. Sovereign immunity barred Gannon's three state claims under Section 1983 and separate request for declaratory relief under state law.

Defendants argue that Executive Director Williams is not a permissible defendant under *Ex parte Young*. Although Defendants did not raise this argument below, nor did they cross-appeal, we must address this argument because we have a "special obligation" to assure ourselves of our own jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998); *see also Raj v. Louisiana State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013) (considering sovereign immunity *sua sponte* because "it bears on this court's subject-matter jurisdiction").

Defendants' core assertion is that Gannon failed to allege that Executive Director Williams was sufficiently connected to enforcement of the billboard rescission or administrative penalties to satisfy the *Ex parte Young* exception. We agree.

A suit against Executive Director Williams *could* fall into the *Ex parte Young* exception, but that doctrine comes with strictures. Most relevant here, although sovereign immunity presents a jurisdictional issue, our case law generally requires that a plaintiff demonstrates a sufficient nexus between the named official and the challenged laws and practices. *See, e.g.*, *Texas Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) ("[T]he plaintiff at least must show the defendant has 'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'" (quoting *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014)); *City of*

---

consider it forfeited and need not explore it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

*Austin*, 943 F.3d at 1000 (holding that the Texas Attorney General was not subject to the *Ex parte Young* exception because "our *Young* caselaw requires a higher showing of 'enforcement' than the City ha[d] proffered").

The district court concluded that Gannon's First Amendment and constitutional tolling claims—requesting a declaration that TxDOT's rules are invalid under federal law and an injunction barring removal of the billboard or enforcement of the corresponding penalties—could proceed against Executive Director Williams under *Ex parte Young*. But the district court did not analyze whether *Ex parte Young*'s enforcement nexus had been satisfied. Its silence is understandable, since Defendants did not raise this argument below and Executive Director Williams is the type of official who could, with proper pleading, satisfy the exception. *Cf. Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017) (concluding that the Texas Commissioner of Insurance and Texas Commissioner of Workers' Compensation, sued in their official capacities, qualified for the *Ex parte Young* exception in a challenge to the Texas Workers' Compensation Act).

Examining this question in the first instance,[2] we conclude Gannon's claims against Executive Director Williams fall prey to pleading failure, and, in turn, that we lack jurisdiction to consider any claims. Although Gannon's complaint names Executive Director Williams as a defendant, Defendants correctly note that "the Executive Director is conspicuously absent" from Gannon's complaint. The company makes no effort—in its complaint or

---

[2] Our "general rule" is that we do not "consider an issue not passed upon below." *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 561 (5th Cir. 2018). Although the district court did not analyze whether Executive Director Williams was sufficiently connected to enforcement of the billboard law, it ultimately determined it had jurisdiction over claims against him under *Ex parte Young*. That the district court reached a conclusion on the issue negates the need to remand for initial consideration here.

argument before this court—to explain how Executive Director Williams, "by virtue of his office," has "some connection with enforcement of the challenged act." *City of Austin*, 943 F.3d at 1000 (quoting *Ex parte Young*, 209 U.S. at 157). Since Gannon did not file a reply brief, we lack the benefit of any argument to the contrary.

Since Gannon has not shown that Executive Director Williams "has the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty," the company may not avail itself of the *Ex parte Young* exception. *Texas Democratic Party*, 978 F.3d at 179 (cleaned up).

## IV.

The district court did not abuse its discretion in deciding not to exercise jurisdiction over Gannon's "interrelated state law claims brought under Tex. Gov't Code § 2001.038."

At the outset—and although state claims may not be vindicated through Section 1983—Gannon's complaint purported to levy three state claims under that cause of action. The complaint separated its request for declaratory relief under Tex. Gov't Code § 2001.038. Gannon's late-breaking submission that its state claims were not brought under Section 1983 cannot cure this defect. Nor does the Eighth Circuit case on which Gannon relies aid its argument that the district court must have exercised jurisdiction over Gannon's state law claims, should they have been properly pled. Rather, in *Wong v. Minnesota Department of Human Services*, the Eighth Circuit concluded that a Minnesota statute did not preclude supplemental jurisdiction, not that the statute required a district court to exercise supplemental jurisdiction. *See* 820 F.3d 922, 928–33 (8th Cir. 2016). At bottom, this argument boils down to an assertion that the district court should have exercised supplemental jurisdiction.

Gannon's separate, explicit supplemental jurisdiction argument is premised on the notion that, because its two constitutional claims were not barred by sovereign immunity, the district court should have exercised supplemental jurisdiction over the state law claims. Although we have provided that a district court may "exercise supplemental jurisdiction over pendant state law claims under 28 U.S.C. § 1367 where it has original jurisdiction over the federal law claims at issue," *Railroad Commission*, 898 F.3d at 503, we have nowhere implied that a district court is required to do so. As Gannon acknowledges, the exercise of supplemental jurisdiction is up to the sound discretion of the district court. *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1018 n. 4 (5th Cir. 1993).

Here, the district court had myriad reasons not to exercise supplemental jurisdiction discretion. This court's general rule is that courts should "decline to exercise state law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). The district court ultimately resolved the case on res judicata grounds that we do not reach here. If the district court had exercised supplemental jurisdiction over Gannon's state-law claims, they would have run headfirst into the same res judicata problems that the district court concluded befell its federal constitutional claims. The district court did not abuse its discretion in declining to do so.

## V.

Dismissals on sovereign immunity and res judicata grounds differ in their ultimate dispositions. Dismissals based on sovereign immunity are without prejudice. *See Warnock*, 88 F.3d at 343. Those for res judicata are generally with prejudice. *See Devins v. Armstrong*, 167 F.4th 247, 253 (5th Cir. 2026). Since we do not address the res judicata claims on appeal for want of

No. 25-20244

jurisdiction, we MODIFY the district court's judgment to dismiss the claims entirely without prejudice.

## VI.

For the foregoing reasons, the judgment of the district court is AFFIRMED as MODIFIED.